Johnson v. Breaton.

## SWEN J. JOHNSON
### v.
## JOHN BREATON.

1.  PLEA OF PAYMENT—BURDEN OF PROOF.—Where payment is set up as a defense to an action for the recovery of money, the burden of proof is on the party alleging payment, to establish that fact by a fair preponderance of testimony.

2. REJECTION OF EVIDENCE—GROUND FOR REVERSAL.—The defendant testified to the fact of payment, stating time and place when the same was made. This the plaintiff denied, and introduced a witness by whom he offered to show that the defendant did not settle or pay the account as he had testified, which the court refused to allow. *Held*, that it was competent, and the right of the plaintiff to contradict defendant as to the time and place where he claimed to have made payment; that while the error may have been slight, and it is not for every error that a judgment will be reversed, still where, from the record, the court is unable to say that substantial justice has been done, a new trial will be granted.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. ELLIOTT ANTHONY, for appellant; as to the burden of proof being upon the party alleging payment, cited 2 Greenl. Ev. § 516; Hinman v. Pope, 1 Gilm. 131; Wall v. Kertz, 15 Ill. 200; Howard v. Bennett, 72 Ill. 297; Ross v. Utter, 15 Ill. 402; Union Nat. Bank v. Baldenwick, 45 Ill. 375.

Mr. JOSEPH SCHLERNITZAUER, for appellee.

MURPHY, P. J.   This was an action of assumpsit commenced in the Superior Court of Cook county, at the February term, A. D. 1876, by the appellant against the appellee, to recover as was alleged a balance due him of $450.00 for work and labor done as carpenter and joiner, and material furnished for appellee in the repairing and reconstructing of a house belonging to him in the city of Chicago.   A jury was waived by the agreement of the parties and the cause was submitted to the court for trial, and upon the hearing judgment was rendered against the appellant for costs, from which he prayed an appeal to this court.   He brings the record here and asks a reversal of the judgment, on the grounds that the court below erred in excluding proper evidence offered by him.   There are other errors assigned, but it will be unnecessary for us to consider them.

It appears that in the year 1870, the appellant being a carpenter, was employed by the appellee to alter over and rebuild a house for him.   It appears also that during the progress of the work the appellee requested appellant to buy the necessary

Johnson v. Breaton.

materials for the purpose of carrying on such work, which he did, and made purchases of such materials, and paid for the same at different times, amounting in all to $450.00, which with the bill for the labor performed on the building, which was $432.50, aggregated ;$882.50.

This sum does not appear to be disputed by the appellee. The controversy arises on the question of appellee's alleged payment of the same. Johnson, the appellant, testifies that on or about the 23d day of November, 1870, there was an accounting between the parties, a full settlement, and that there was thereby found to be due to the appellant $450.00 for materials furnished, and that the same has never been paid, and that there is now that amount, with interest from that time, due to him, which was all the testimony offered in the first instance by the appellants.

The appellee then testified that on or about the said 23d day of November, 1870, he paid to appellant the amount due for labor, as above stated in cash, and that previous thereto he had paid him for the material furnished, thus paying and satisfying the bill in full. Appellee testifies that at the time he paid the money to appellant there was no one present except themselves. Thus it will be seen that there is an irreconcilable conflict between the testimony of the only two witnesses, who certainly know as to the truth or falsity of such alleged payment. In such a case, resort must be had to surrounding circumstances, to aid in determining who it is, if possible, who is testifying to the truth, and who not.

For the purpose of corroborating his testimony in this regard, the appellee introduces as a witness one Alex Herman, who testified to a conversation which he heard between the parties to the suit, which occurred sometime between Christmas and New Year of that year, which might shed some light on this question, but for the fact that he finally states that he did not know what was the subject of their conversation. In addition to which, appellant being subsequently called in rebuttal, denies distinctly ever having had any such conversation. This was all the testimony offered by the appellee. The appellant, for the purpose of rebutting the testimony of the appellee, in-

troduced as a witness one Gustav Nelson, by whom he offered to prove that appellee did not settle or pay for the work on or about the 23d day of November, 1870, as he had testified he had done.

We are unable to perceive any legal objection to that testimony as the case then stood. The controversy being, as it was, on the plea of payment, the burden of proof was on the appellee to make out the fact of payment by a fair preponderance of testimony.

Johnson having testified that the balance of $450.00 found due him on a settlement was then due and unpaid; Breaton having testified that he had paid the same, fixing the time and place when and where he did so.

Under this state of the case it was competent and the right of the appellant to contradict appellee as to the time and place when and where he claimed to have made such payment, as a circumstance calculated to corroborate his theory and testimony, namely, that it had never been paid at all.

Whilst the error may be admitted to be a slight one, and whilst it will be admitted that it is not for every error that a judgment should be reversed, still, where it can be seen that the error may have affected the party complaining injuriously, and where from the record this court is unable to say that substantial justice has been done, it is the right of the party to have a new trial, in which he will not be compelled to encounter the error. We cannot say how far the testimony offered and rejected would have gone to affect the result of the trial in the court below, nor can we feel a reasonable certainty from this record as to whether the bill has been paid or not.

At any rate, we think it was the right of the appellant to make the proof offered, and that it was error for the court to reject it; and for which error the judgment of the court below is reversed and the cause remanded.

Judgment reversed.