# ERNEST F. SMITH ET AL.
## v.
# GEORGE R. GRANT.

*Payment—Condition—Action to Recover Amount Paid—Burden of Proof.*

1. In general, one who brings an action against another must entitle himself to recover by making proof of his own right. The burden of proof as to any issue is upon him who asserts the affirmative thereof.

2. In an action to recover a sum of money alleged to have been paid to the defendants on a promise to return it, if, upon an accounting, it should be found that the plaintiff was not indebted to them, the burden of proof is on the plaintiff to show that he was not thus indebted.

[Opinion filed February 13, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Edward W. Russell and Willard M. McEwen for appellants.

Mr. L. M. Hodges, for appellee.

Moran, J. This action was brought by appellee to recover back the sum of $375 paid to appellants by one Hunter, who, in paying the money, acted as the agent of appellee. Appellants made a claim against the appellee for a loss growing out of a deal upon the board of trade, and so proceeded under the rules of the board that a membership in the said board which appellee held, could not be transferred without the consent of appellants. Appellee, who was at the time in Europe, instructed Hunter to pay the disputed claim, but to do so in such manner as that he could, on his return, sue at law for it. Hunter testifies that he said when he paid the money that he "should pay them (appellants) the money, and when Mr. Grant returned and they had an accounting, if the money did not belong to them it would be returned to Mr. Grant." The evidence by appellants as to what was said when the money was paid differs slightly from the statement of Hunter, but the difference is not material to the point on which the case turns on the present appeal.

The court gave to the jury the following instruction for plaintiff: "If the jury believe from the evidence that the witness, Hunter, paid to the defendants the sum of money sought to be recovered in this suit, upon the promise and undertaking of the defendants that they would hold the said sum for and pay the same to the plaintiff, Grant, if, upon an

accounting between the plaintiff and defendants, it should be found that the plaintiff was not indebted to the defendants, then the jury are instructed that the only remaining question for the jury to determine is whether or not the plaintiff was indebted to the defendants at the time that witness Hunter paid the money to the defendants. And the jury are instructed that the burden is on the defendants to show that the plaintiff was so indebted to the defendants."

In this the court erred, in that the burden of proof was thereby imposed upon the wrong party. As a general rule the one who brings an action against another must entitle himself to recover by making proof of his own right, instead of relying on the want of proof of right in his adversary.

The burden of introducing evidence on any issue is upon him who asserts the affirmative of that issue—that is, the affirmative in substance, not merely in form; and so it not unfrequently occurs that to establish the affirmative of the issue involves the proof of negative allegations. Best's Prin. of Ev., Sec. 271. Such is the case in actions for malicious prosecution, for instance, where the plaintiff must prove that probable cause for the prosecution did not exist.

Now the allegation here is by the plaintiff, that a debt is due to him by the defendants. They rest upon a simple denial. It is very clear that plaintiff must introduce evidence that establishes his claim. Simply proving that the money was paid to them, and that they promised to pay it back, if, upon an accounting it should be found the plaintiff did not owe them, could not entitle plaintiff to a verdict. He must go further and introduce evidence tending to show that he was not indebted to them. If he was bound to introduce evidence on any issue before he could be entitled to a verdict, it follows that as to such issue the burden of proof was upon him. Beardstown v. Virginia, 76 Ill. 44; Smith v. Davies, 7 Car. & P. 307; Shickler v. Burkholder, 47 Penn. St. 476; Reu v. Freeman, 33 Miss. 202; Wharton on Ev., Sec. 356, and cases there cited.

For the error in giving the said instruction the judgment must be reversed and the cause remanded.

*Reversed and remanded.*