## The Hercules Iron Works v. Hummer, Assignee, etc.

1. *Payment—Promissory Note—When.*—It has been held in several of the States that the giving of a negotiable note in consideration of a simple contract debt, discharges the contract on which the debt is founded, but the decided weight of authority in this country and England is to the contrary.   To have that effect, it must be agreed that the

note shall be taken in absolute payment, or that the creditor has so parted with the note as to subject the debtor to double payment.

2. *Payment by Note—Inference of Discharge.*—Where it is claimed by a debtor that a promissory note has been given in discharge of the obligation of a contract, the burden of proof is upon him to show that the note was both given and received as an absolute payment, except in cases where the evidence raises a positive inference of discharge.

3. *Assignment for the Benefit of Creditors—Property Subject to Liens, etc.*—A brewing company entered into a contract with the Hercules Iron Works, to put into its establishment a refrigerating plant, for $10,500, to be paid for as follows: one-fourth cash on delivery of the machinery; one-fourth on the complete erection of the plant; $2,750, by a note payable in four months, the balance in first mortgage bonds due in ten years. The iron works put in the plant, received the first cash payment. The second was not made in cash, but instead thereof a note due in ninety days was taken. Afterward a note for the third payment was taken. Neither of these notes was paid. The contract contained a clause that the iron works should have a right to remove the plant in case of default in any of the payments. Afterward the brewing company made an assignment for the benefit of its creditors; the iron works filed a petition in the County Court, claiming the right to remove the plant, according to the terms of the contract; the court dismissed the petition and the iron works appealed. *It was held,* that as between the parties to it, the contract was valid, there being no judgment or attaching creditors, or *bona fide* purchasers without notice, and that the assignee occupied no different position from the brewing company, the assignor.

4. *Assignments for the Benefit of Creditors—What the Assignee Takes.*—Under a general assignment, the assignee takes as a mere volunteer, and the property assigned is subject to the same defects of title, equities and liens as when in the hands of the assignor.

Memorandum.—Assignment for the benefit of creditors. Petition by creditors to remove property, etc. Appeal from the County Court of La Salle County; the Hon. BENJAMIN F. LINCOLN, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, BREWER & STRAWN, ATTORNEYS.

Parsons says that in Massachusetts, Maine and Vermont, a negotiable note, given in consideration of a simple contract debt, due, is a discharge of the simple contract, but that the rule is otherwise in all other parts of the country and in England and in the United States courts. 2 Parsons on

Notes and Bills, 150. That the Massachusetts rule is the exception is also noted in Tyner v. Stoops, 11 Ind. 22, 71 Am. Dec. 341, 346.

╵ The decided weight of authority is that, taking a note either of the debtor or of a third person, for a pre-existing debt, is no payment, unless it be expressly agreed to take the note in absolute payment, or unless the creditor has parted with the note so as to subject the debtor to double payment. Johnson v. Weed, 9 Johns. 310, 6 Am. Dec. 279; Murray v. Gouverneur, 2 Johns. Cas. 438, 1 Am. Dec. 177; Glenn v. Smith, 2 Gill & J. 493, 20 Am. Dec. 452; Berry v. Griffin, 10 Md. 27, 69 Am. Dec. 123; Tyner v. Stoops, 11 Ind. 22, 71 Am. Dec. 341; Weymouth v. Sanborn, 43 N. H. 171, 80 Am. Dec. 144; McMurray v. Taylor, 30 Mo. 263, 77 Am. Dec. 611; Blunt v. Walker, 11 Wis. 334, 78 Am. Dec. 709; Hunter v. Moul, 98 Pa. St. 13, 42 Am. Rep. 610; Nightingale, Assignee, v. Chafee, 11 R. I. 609, 23 Am. Rep. 531; Comptoir D'Escompte v. Dresbach, 78 Cal. 15; Merrick v. Boury, 4 O. St. 60; Combination Steel & I. Co. v. St. Paul City Ry. Co., 47 Minn. 207; Fry v. Patterson, 49 N. J. Law, 612; Bank of Monroe v. Gifford, 79 Iowa, 300, 308; Albright v. Griffin, 78 Ind. 182; Bill v. Porter, 9 Conn. 23; Merchants' Nat. Bank v. Good, 21 W. Va. 455; Auburn City Nat'l Bank v. Hunsiker, 72 N. Y. 252, 257; Graham v. Negus, 55 Hun (N. Y.), 440; Sheehy v. Mandeville, 6 Cranch (U. S.), 253; Downey v. Hicks, 14 How. 240, 249; The Kimball, 3 Wall. 37; Stone & Gravel Co. v. Gates Iron Works, 124 Ill. 623; Stone & Gravel Co. v. Gates Iron Works, 23 Ill. App. 635; Chicago Times Co. v. Benedict, 37 Ill. App. 250.

The burden of proof is on the debtor to show that the note was *both given and received* as absolute payment. Johnson v. Weed, 9 Johns. 310; Mitchell v. Hockett, 25 Cal. 538; Nightingale, Assignee, v. Chafee, 11 R. I. 609; Merrick v. Boury, 4 O. St. 60; Haines v. Eppley, 41 Md. 221; Glenn v. Smith, 2 Gill & J. 493; Baker v. Baker, 49 N. W. Rep. 1064; McMurray v. Taylor, 30 Mo. 263; 3 Randolph on Com'l Paper, Secs. 1513, 1517.

Hercules Iron Works v. Hummer.

The doctrine is so far modified, however, that where the evidence raises a positive inference of discharge, proof of an express agreement is unnecessary. Wilhelm v. Schmidt, 84 Ill. 183; Chisholm v. Williams, 128 Ill. 115.

This contract was a conditional sale with the right on the part of the vendor to enter and retake its property in case the purchaser made default in any of the payments. That such a contract is legal and valid between the parties is universally held in America. 1 Benjamin on Sales (6th Am. Ed.), 397; Fosdick v. Schall, 99 U. S. 235, 250; Brundage v. Camp, 21 Ill. 330; Murch v. Wright, 46 Ill. 487; Lucas v. Campbell, 88 Ill. 447; Latham v. Sumner, 89 Ill. 233; Fairbanks v. Malloy, 16 Brad. 277.

It is equally well settled that an assignee under a general assignment takes as a mere volunteer, and the property assigned is subject to the same liens, defects of title and equities, as when in the hands of the assignor. Jordan v. Easter, 2 Brad. 73, 79; O'Hara v. Jones, 46 Ill. 288; Davis, Cory & Co. v. Chicago Dock Co., 129 Ill. 180.

APPELLEE'S BRIEF, SNYDER, STEAD & ELDREDGE, THOS. N. HASKINS, F. J. SHEEHY AND CHAMBERS & JACKSON, ATTORNEYS.

The acceptance of past due installments, when payment is to be made in that manner, will amount to a waiver of a forfeiture that may have previously occurred. Am. & Eng. Encyclopedia of Law, Vol. 3, p. 435; Deyoe v. Jamison, 33 Mich. 94; Hutchings v. Munger, 41 N. Y. 155; Cushman v. Jewel, 7 Hun, 525; Taylor v. Finley, 48 Vt. 78; Blair v. Hamilton, 48 Ind. 32; Underwood v. Wolf, 131 Ill. 441; Telegraph Co. v. Bush, 35 Ill. App. 214; Scutt v. Robertson, 127 Ill. 137; Greenwood v. Feen, 136 Ill. 158; Perry v. Pearson, 135 Ill. 239.

OPINION OF THE COURT, HARKER, P. J.

On the 12th of January, 1892, the La Salle Brewing Company made a contract with appellant to put into its establishment a twenty-five ton refrigerating plant, for $10,500, to

be paid for as follows: $2,625 in cash, on the delivery of the machinery; $2,625 in cash, on complete erection of all machinery as specified; $2,750 by note, dated April 1, 1892, payable four months from date, with six per cent interest; $2,500 in first mortgage bonds, bearing six per cent interest, and due in ten years, to be delivered at the time of the second payment. The plant was put in and appellant received the cash payment first mentioned. The second payment was not made in cash, but instead thereof a note, due in ninety days, was executed and delivered. On the 19th of April, 1892, the note for the third payment was received, and some time during the latter part of June, the $2,500 in six per cent bonds were received. Neither of the notes were paid.

On the 9th of November, 1892, the La Salle Brewing Company made an assignment for the benefit of its creditors to W. B. Hummer. Hummer filed a petition in the County Court for an order to sell the property, and asked that appellant's other bondholder and one F. J. Sheehy, claiming to have a mechanics' lien, be cited to appear and make proof of their claims. No citation issued, but all except appellant appeared, and the court found that Sheehy and Chambers & Jackson were each entitled to mechanics' liens.

On the 3d of January, 1893, appellant filed a petition in the County Court setting up its contract, the subsequent transactions in regard to the refrigerating plant, and claiming the right to remove the plant, according to the terms of the contract in case of default in any of the payments. By agreement, all parties interested appearing, a hearing was had upon the same day and the case taken under advisement. On the next day, against appellant's objection, the case was re-opened and additional evidence heard.

The court ordered the property sold and dismissed appellant's petition. The property was sold on February 23, 1893, for $42,000, subject to all taxes and liens. The sale was approved and the assignee ordered to execute deed to the purchaser.

Appellant contends that, the La Salle Brewing Company

having made default in the payments, appellant had the right to remove the refrigerating plant as against the brewing company, and that such right exists as against the assignee and other defendants to its petition. Not only was default made in the second and third payments, according to the terms of the contract, but those payments have never been made. The second payment was not made in cash but a note, which has never been paid, was given instead.

Although it has been held in several of the States that the giving of a negotiable note, in consideration of a simple contract debt, discharges the contract on which the debt was founded, the decided weight of authority in this country and England is to the contrary. To have that effect, it must appear that it was agreed that the note should be taken in absolute payment, or that the creditor has so parted with the note as to subject the debtor to double payment. Our Supreme Court has followed the current of authority. Wilhelm v. Schmidt, 84 Ill. 183; Walsh v. Lennon, 98 Ill. 27; Stone and Gravel Co. v. Gates Iron Works, 124 Ill. 623. Except in a case where the evidence raises a positive inference of discharge, the burden of proof is in the debtor to show that the note was both given and received as an absolute payment. We think a court should, with great caution, reach the conclusion that the evidence raises an inference of discharge in a case where the creditor would thereby lose some security which he held before taking the note. In this case appellant reserved, by its contract, title to the property, with the right to take possession and remove the same, until all payments were fully made. It can hardly be presumed that appellant, when it took the ninety days note, at a time when the brewing company was hard pressed for money, intended to release the security provided for by the contract.

As between the parties the contract was legal and valid. Had no assignment been made, and had the brewing company remained in possession of the property, there could be no question of the right of appellant at the date of filing its petition to enter and retake the property. The assignee,

in relation to the rights of appellant, occupies no different position from the brewing company. Under a general assignment the assignee takes as a mere volunteer, and the property assigned is subject to the same defects of title, equities and liens, as when in the hands of the assignor. O'Hara v. Jones, 46 Ill. 288; Davis, Cory & Co. v. Chicago Dock Co., 129 Ill. 180.

Of course, when such a contract is made, it is with the risk on the part of the vendor of losing his right to take the property by its being levied upon by creditors of the purchaser while in his possession, or by its being sold to a purchaser without notice. In this case, however, at the time of filing the petition, there were no judgment or attaching creditors, the refrigerating plant or the premises on which it was situated had not been levied upon, and there was no *bona fide* purchaser without notice. There was no evidence of any creditor having a lien against whom the contract would not be valid.

The premises were bonded before the refrigerating plant was put in or the contract made. At the time the bonds were issued, the plant was no part of the security taken. The fact that it was to become a part of the realty when permanently affixed to it, is subordinate to the intention expressed by the contract. There was no proof that any of the bonds went out of the hands of the company or the trustee after the plant was put in, excepting such as were received by appellant under the contract.

While it is true that the record contains an order giving liens to Sheehy and Chambers & Jackson, it appears that when the court so determined, appellant had not been served and had not appeared. It was not bound by that order.

We are of the opinion that the order of the County Court, dismissing appellant's petition, should be reversed and the cause remanded, with directions to allow issues to be made on the petitions and evidence heard, and to render an order consistent with this opinion.