### Christian Hanke v. Charles Cobiskey.

1.  BURDEN OF PROOF—*On Him Holding the Affirmative.*—The burden of introducing evidence on any issue is upon him who asserts the affirmative of that issue.  So where the defendant admits the indebtedness to have once existed and pleads payment, he has the affirmative of the issue made by his plea.

2.  CREDIBILITY OF WITNESSES—*For the Jury.*—The question of the credibility of witnesses is one of fact for a jury, as for the court when a jury is waived.

Memorandum.—Assumpsit for wages.  Appeal from a judgment of the Superior Court of Cook County; the Hon. GEORGE W. BLANKE, Judge, presiding.  Submitted at the October term, 1894.  Affirmed.  Opinion filed January 10, 1895

EDWIN C. CRAWFORD, attorney for appellant.

WILLIAM W. WHEELOCK, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a suit for a balance claimed to be due for wages. Nothing was in dispute except the amount that had been paid. It was admitted that the original indebtedness was $1,068.20. The parties themselves were the only witnesses and differed in their testimony only as to how much had been paid on the account. The defendant admitted that there was a balance of $80.20 due to the plaintiff, and the plaintiff claimed $145.70, making a difference between the two of $65.50.

The cause was heard by the court without a jury and judgment was rendered for the balance claimed by appellee, the plaintiff.

It is contended by appellant that the court erred in not holding that the plaintiff had not sustained his claim by a preponderance of the evidence. The rule is just the reverse where payment of an originally admitted claim is relied upon. " The burden of introducing evidence on any issue is upon him who asserts the affirmative of that issue." Smith v. Grant, 30 Ill. App. 150.

Here an indebtedness was admitted to have originally existed. The defense was payment down to a sum less than what was claimed by plaintiff, and the affirmative of the issue so presented was upon the defendant. Witner v. Zeman, 30 Ill. App. 195; Johnson v. Breaton, 1 Ill. App. 293.

The question of credibility of witnesses is also raised, but that is a question of fact for a jury, or for the court when a jury is waived.

It is not true, as a matter of law, that unimpeached witnesses are of equal credibility, but the credibility of witnesses is always a question of fact. Johnson v. People, 40 Ill. App. 382; same case, 140 Ill. 350.

The court having found the fact upon conflicting evidence the finding will not be disturbed.