Schwarze v. Greenbaum.

---

## Carl Schwarze v. S. J. Greenbaum.

1. VARIANCES—*Must be Raised in the Court Below.*—The question of a variance between the pleadings and the proofs can not be raised for the first time in the Appellate Court.

2. PAYMENT—*An Affirmative Defense.*—Payment is an affirmative defense and the burden of proving it is upon the defendant.

Assumpsit, for money paid out for the appellant at his request. In the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Plea of the general issue with affidavit of merits; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Submitted at the October term, 1894, and affirmed. Opinion filed April 4, 1895.

KRAFT, WILLIAMS & KRAFT, attorneys for appellant.

ADOLPH MOSES, MAX PAM, and JOSEPH W. MOSES, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant for money paid out for the appellant at his request. The testimony by a witness for the appellee was, that at the appellant's request, the witness, April 14, 1893, as agent of the appellee, paid for the appellant to the collector of internal revenue at Lexington, Kentucky, $583.20 taxes on fifteen barrels of whisky. The bill of particulars filed with the declaration was as follows:

"1893, April 14. By cash paid and advanced to defendant, at instance and request of defendant, and for moneys paid out and advanced by plaintiff to and for use of defendant, $285.34."

The witness testified that the appellant had paid on account $297.86.

The first complaint of the appellant is that the evidence is of so much more paid, than is claimed by the bill of particulars. This variance, if it be one, was not made the subject of objection on the trial, and it can not be for the first time objected to in this court.

Now it may be that the testimony as to the payment of this tax, by New York exchange mailed to the collector, without any proof that the draft was ever received by the collector, nor that it was ever paid, was not sufficient to sustain the appellee's claim; but any error in that regard, and all exceptions by the appellant to the character of the evidence, are rendered immaterial by the testimony of the appellant himself that the appellee did pay the tax on the fifteen barrels.

The whole contest was whether the appellant had repaid, and on the evidence, which certainly did not preponderate in favor of the appellant, the jury found against him. The defense was an affirmative one which he failed to prove, and the judgment is affirmed.