## A. B. Lawther v. James S. Everts and John Burton, Administrators.

1. AGENTS—*Acts in Excess of Authority.*—An agent with authority to collect a note has no implied power to take a new note payable to his principal, or to accept, in part payment or extension, a note payable to himself.

2. PAYMENT—*Burden of Proof.*—The burden of proving payment is upon the person asserting it.

·· **Administration of Estates.**—Probate of claim. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1896. Reversed, and judgment entered in this court. Opinion filed April 13, 1896.

MANN, HAYES & MILLER, attorneys for appellant.

GEO. W. HALL, attorney for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT. This appeal is from a judgment against the appellant for

costs of suit, rendered by the Circuit Court upon an appeal by appellant to that court from an order of the Probate Court disallowing a claim there presented by the appellant against the estate of appellees' decedent, Edward A. Everts.

From 1887 until his death on April 7, 1894, one Charles W. Griggs, an attorney at law, was the Chicago agent for the appellant, a resident of Syracuse, N. Y., for loaning money. During that time appellant sent large amounts of money to Griggs and authorized him to loan the same upon notes and other securities to be approved by Griggs, and Griggs was also authorized to collect the principal and interest of the loans he made, at the maturity thereof.

Among the loans so made for appellant by Griggs was one of $2,000 to said Edward A. Everts, on October 20, 1892, for which Everts gave his promissory note of that date, payable to the order of appellant ninety days after date, with seven per cent interest. The note was delivered to Griggs, and he paid to Everts $2,000 of appellant's money, and reported the loan to appellant, and retained the note in his possession as the agent and attorney of appellant for purposes of collection at its maturity.

Griggs had previously, on various occasions, acted as attorney for Everts. When the note matured, or about that time, Everts paid to Griggs $1,018.08, in check and cash, and gave to Griggs his, Everts', new note for the like sum of $1,018.08, payable in ninety days to the order of Griggs, and thereupon Griggs canceled the original note of $2,000, and delivered it to Everts, who retained it until his death. Griggs procured said new note to be discounted at the Commercial National Bank, and Everts paid it at maturity.

Appellant makes no claim against appellees for the $1,018.08 paid to Griggs by check and in cash.

The foregoing facts, with numerous additions which we do not think it to be necessary to mention, were, in substance, stipulated and agreed to by the parties.

The original note for $2,000, so canceled and delivered by Griggs to Everts, was introduced in evidence, and showed what purported to be an indorsement by appellant to

Griggs, but it was proved that appellant's name there shown was a forgery.

Other evidence was admitted on the trial, over the objections of appellant, which tended to show that Griggs had on other occasions exercised the authority to extend loans, either in whole or in part, by taking new paper or security, and had reinvested moneys of appellant which had been paid in, and that appellant had ratified such acts, at least impliedly, by making no objections to such a course of business when informed of it by Griggs, and by receiving the benefit of such dealings. So far as appears, all the doings of Griggs from which ratification of them by appellant may be implied, were reported by Griggs to appellant by letter, but in every such instance it seems that the new paper taken by Griggs was taken in the name of appellant, and it nowhere appears in the record that Griggs ever before or after these transactions with Everts, took any paper payable to his own order, or that he ever indorsed any other paper to himself that was taken in appellant's name.

It is strenuously insisted that the letter-press copies kept by Griggs, of letters purporting to have been written by him to appellant, relating to other transactions between them, were improperly admitted in evidence, both on the ground that the proper foundation for such evidence had not been laid, and that they were not competent evidence, for various assigned reasons; but conceding that they were properly admitted, we do not find that they afford a valid and sufficient defense to appellant's claim.

They do not afford any evidence that Griggs ever reported to appellant a single transaction in which he had taken paper or securities belonging to appellant, or anybody else, in his own name, or that he had ever indorsed to himself, or used for his own benefit, any of the paper which he ever handled for the appellant.

Assuming that Griggs' authority was ample to collect the note in question, either in whole or in part, and that for the part not collected, he had authority to take new paper, payable to the appellant, still, there was no evidence whatever

that Griggs had authority, either express or implied, to accept in part payment or extension, the note for $1,018.08, payable to the order of himself.

Everts could not pay his debt to appellant by giving a note to appellant's agent, payable to the order of such agent individually.

Even if, under the circumstances, the indorsement of appellant's name on the back of the $2,000 note were not a forgery, still it is clear that the indorsement passed no title to Griggs as against appellant, and conferred no new authority upon Griggs.

Griggs' authority was no greater, as concerns the note, after the indorsement than before, and Everts was bound to so know.

When, therefore, Everts, in attempted payment of the note, gave his new note to Griggs personally, it was as if he had not paid his debt to appellant, and not having paid it, his representatives, the appellees, are liable.

The opinion in Scott v. Gilkey, 153 Ill. 168, is instructive in this connection.

The suggestion is made in appellees' brief, that from anything appearing, it may be that appellant received from Griggs the money he obtained when he discounted the new note at the bank, or that Griggs may have reimbursed appellant in some other way.

The burden of proving payment was upon those who asserted it.   Hanke v. Cobiskey, 57 Ill. App. 267.

Holding, as we do, that the record discloses no defense to the appellant's claim, the judgment will be reversed, and the cause having been submitted to the Circuit Court without a jury, we will enter judgment here in favor of the appellant for the amount shown by the record to be due him.   Reversed, and judgment here.