## Sanitary District of Chicago v. The Phoenix Powder Mfg. Co.

1. PAYMENTS—*Giving a Note or Draft, When.*—In order to make the giving of a note or draft payment of a debt, there must be an agreement to that effect between the debtor and the creditor. The mere acquiescence of the debtor to the arrangement is not enough. The creditor must also consent before he is bound.

2. NOTICE—*To the Officials of the State.*—The statute provides for a written notice to the officials of this State, etc., but it does not provide how or upon whom the notice shall be served.

3. SAME—*Service upon the Sanitary Trustees.*—Leaving a written notice with the clerk in charge of trustees' office is a sufficient service upon the trustees of the Sanitary District.

**Bill for an Accounting, etc.**—Trial in the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Decree for

complainant. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed November 16, 1898.

### Statement of the Case.

During the year 1895, but what time in the year does not appear, Weir, McKechney & Company made a contract with appellant to excavate Section F of the Chicago Drainage Canal, a public improvement in Cook county, and during August of that year purchased of appellee powder, which was used by the purchasers in blasting and excavating Section F of the canal, the first of the powder being delivered about August 15th, and the last October 12, 1895. After the payment of some cash there remained due to appellee on account of the powder $853.90, for which amount two drafts of $426.95 each were drawn by appellee and accepted by Weir, McKechney & Company, to evidence and secure their debt to appellee, but not in payment of the balance due by them, as contended by appellant. These drafts not being paid at their maturity, two other drafts of the same amount, due in thirty and sixty days, respectively, from their date, May 18, 1896, in renewal of the former ones, were also drawn by appellee, accepted by Weir, McKechney & Co., and delivered to appellee, though not in payment, as claimed by appellant.

August 21, 1896, appellee, pursuant to and in compliance with Sec. 24, Ch. 82, of the statute regarding liens, served a written notice on appellant that there was due to it from Weir, McKechney & Company $853.90, with interest at five per cent per annum from May 18, 1896. This amount was at that date due to appellee as stated in this notice, and still remains due to it, and there was then and is now due from appellant to Weir, McKechney & Company, money and warrants more than sufficient to pay appellee's claim.

On or about September 11, 1896, appellant drew its warrant to the order of Weir, McKechney & Company in the sum of $903.90, for the purpose of paying appellee's claim and interest thereon, and attached it to the notice of claim filed by appellee, and thereafter Weir, McKechney & Com-

38 APPELLATE COURTS OF ILLINOIS.

VOL. 79.] Sanitary Dist. of Chicago v. Phoenix Powder Mfg. Co.

pany indorsed said warrant and directed appellant to turn over the same to appellee. Appellant charged the warrant so evidenced to Weir, McKechney & Company, but still retains it.

Appellee filed its bill, asking that an account might be taken of the amount due it from Weir, McKechney & Company, for a lien for the amount of said warrant and for general relief.

After issues were formed, the cause was referred to a master, who, after the hearing of evidence, none being offered by appellant, reported the facts substantially as stated. The chancellor confirmed the master's report, granted the relief prayed, and decreed that appellant pay the amount of appellee's claim and costs, from which decree this appeal is prosecuted.

F. W. C. HAYES and SEYMOUR JONES, attorneys for appellant.

GEORGE W. BROWN, attorney for appellee; L. D. CONDEE, of counsel.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellant assigns three reasons why the decree should be reversed : First, that the giving of the two drafts is shown by the bill and the evidence to have been in payment of appellee's claim, and therefore there was no lien; second, that the contract between appellant and Weir, McKechney & Company was made prior to the passage of the lien law of June 26, 1895, under which appellee claims a lien; and third, that the notice required by the statute was not served upon appellant.

The first contention is not sustained by the allegations of the bill nor by the evidence. For the giving of a note or draft to constitute a payment of a debt there must be an agreement to that effect between the debtor and the creditor. The acquiescence of the debtor is not enough. The creditor must also consent before he is bound. Hercules Iron

Works v. Hummer, 49 Ill. App. 598, and cases cited; Bradford v. O'Neill, 76 Ill. App. 488, and cases cited.

To show payment, the burden of proof was on appellant, Hanke v. Cobiskey, 57 Ill. App. 267, and a careful examination of the evidence leads us to the conclusion that it does not show that appellee ever consented that the acceptance of the drafts by Weir, McKechney & Company should be in payment of its claim. We are also of opinion that the evidence clearly shows that appellant regarded appellee's claim as unpaid when it drew its warrant to the order of Weir, McKechney & Company, and charged the amount of it to them and raised no question as to payment when it was directed to turn over to appellee the indorsed warrant.

Second. The bill as well as the evidence fails to show that the contract between appellant and Weir, McKechney & Company was made prior to June 26, 1895. The allegation as well as the proof is that in the years 1895 and 1896, the contract between appellant and Weir, McKechney & Company was in existence. The first powder was delivered about August 15, 1895, and it may be inferred that the contract had then been made, but not necessarily prior to June 26, 1895. The presumption is in favor of the decree when there is evidence to support it, and appellant's claim in this regard must fall.

Third. The statute under which appellee claims its lien is, viz.:

" Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor for a public improvement in this State, shall have a lien on the money, bonds or warrants due, or to become due, such contractor for such improvement; provided such person shall, before any payment or delivery thereof is made to such contractor, notify the officials of this State, county, township, city or municipality, whose duty it is to pay such contractor, of his claim, by a written notice and the full particulars thereof. It shall be the duty of such officials so notified to withhold a sufficient amount to pay such claim until it is admitted, or by law established, and thereupon to pay the amount thereof to such person, and such payment shall be a credit on the contract price to be paid to such contractor."

No objection is made to the form or sufficiency of the notice—only that it was served upon one Christy, a clerk in appellant's office, and not on the trustees of the Sanitary District.   The statute provides for a written notice to the officials of this State, etc., but not how or upon whom the notice shall be served.   The clerk with whom the notice was left was in charge of appellant's office.   The notice was subsequently seen in appellant's office by two witnesses.   The warrant was made up from the notice, and after made, was attached to the notice.   The note was produced at the hearing before the master, from appellant's office, in response to a notice served on appellant's solicitor.   We think a reasonable inference from these facts is, that the trustees of the Sanitary District were notified of appellee's claim, and are of opinion there was sufficient proof of compliance with the statute in regard to notice.

The decree is affirmed.