### Frederick Stone et al. v. The Evangelical Lutheran St. Paul's Church.

1. PAYMENT—*When the Taking of a Note is.*—The taking of a note, either of the debtor or of a third person, for a pre-existing debt, is not a payment unless there is an express agreement that the note shall be so taken, or unless the creditor has parted with the note so as to subject the debtor to double payment.

2. QUESTION OF FACT—*Whether the Giving of a Note is a Payment.*— The question as to whether the giving of a note is a payment of a debt is one of fact for the jury.

3. EVIDENCE—*Books in the German Language.*—The introduction of a book in the German language without a translation is improper, but where no exception is taken and the book is not afterward used or referred to in the trial of the case, its admission is harmless error.

Assumpsit.—Common counts. Appeal from the Circuit Court of Henry County; the Hon. HIRAM BIGELOW, Judge, presiding. Heard in this court at the April term, 1900. Reversed and remanded. Opinion filed October 8, 1900.

CHAS. K. LADD, attorney for appellants.

WILSON & MOORE, attorneys for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of
the court.

Prior to 1887 appellee had become indebted to James K.
Blish for legal services to the amount of $275.   A commit-
tee consisting of appellants Frederick and William Stone
and four others was appointed by appellee to settle the
matter with Blish.   An arrangement was made by which
a note was given to Blish for $275 dated January 27, 1887,
due November 1, 1887, with interest at the rate of eight
per cent per annum, signed by appellants and three other
members of the church.   This note was not paid when due
and on January 18, 1888, another note was given Blish for
the sum of $296.25 due one day after date with interest at
the rate of eight per cent per annum, signed by appellants
and Herman Nobling, who had also signed the first note.
On February 7, 1888, Ludwig Seefield, one of the signers of
the first note, paid $59.40, which was one-fifth of the amount
due, and credit for that amount was entered upon the first
note although in the meantime the new note had been given.
The second note was not paid when due and some years
later, Herman Nobling being then dead, suit was instituted
on the note against appellants and a judgment obtained
against them which they afterward paid.   Appellants claim
that the obligation was assumed and the money paid by
them for the accommodation of appellee, which was to repay
them.   Appellee claims that appellants assumed and paid
the indebtedness to Blish as a donation to the church.   May
31, 1894, appellants commenced this suit in assumpsit
against appellee to recover the amount paid by them as
aforesaid.   Appellee pleaded the general issue and the
statute of limitations.   There was a verdict in favor of
appellee and judgment against appellants for costs.

Under the plea of the statute of limitations it was impor-
tant to ascertain when the debt was paid by appellants so
that the time when the statute began to run could be
determined.   In Schumacher v. Edward P. Allis Co., 70 Ill.

App. 556, this court, following the case of Hercules Iron Works v. Hummer, 49 Ill. App. 598, held that "taking a note either of the debtor or of a third person for a pre-existing debt is not payment unless it be expressly agreed to take the note in absolute payment or unless the creditor has parted with the note so as to subject the debtor to double payment."

The second instruction given for appellee told the jury that if appellee with others "gave to Blish a note to settle said indebtedness and said Blish accepted the same and gave the receipt which had been offered in evidence, then and in that case the taking of the note was a full settlement of said indebtedness." There was some intimation in the evidence of a receipt given by Blish at the time, or soon after the first note was executed, but no such receipt was offered in evidence. The only receipt introduced in evidence was one from Blish to appellants dated May 3, 1895, after this suit was commenced, for a balance due on a judgment. There was no evidence, therefore, to support the instruction and it should have been given.

By instruction five given for appellee the jury were instructed that the giving of the first note "was a payment of the debt due Mr. Blish for legal services, and this action against defendant accrued at that time, if any action ever accrued under the evidence of this suit." The question as to whether the giving of the note was a payment of the debt or not was one of fact for the jury and not a question of law for the court and the instruction was therefore erroneous.

Upon the trial the court, against the objection of appellants, admitted in evidence the record book of the church which was kept in the German language, no translation thereof being submitted. This was improper, but as it appears from the bill of exceptions that the book was not afterward used or referred to in the trial of the case, its admission could not have prejudiced the cause of appellants.

For the errors above indicated, however, the judgment must be reversed and the cause remanded.