## Mary E. Ross v. Clara G. Skinner.

1. PROMISSORY NOTES—*Giving One in Lieu of Another Does Not Necessarily Operate as a Payment.*—The giving of one promissory note in lieu of another does not necessarily operate as a payment. In order to have that effect it must be so understood and intended by the parties.

2. PAYMENT—*An Affirmative Defense.*—Payment is an affirmative defense, and the burden of proving it is on the defendant.

Foreclosure of a Mortgage.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed April 28, 1903.

The facts deemed material in this case are in substance as follows : Appellant was indebted to appellee upon a note of $1,000, and gave as security for said debt an assignment of a lease, which appellant had made to one Mark F. Madden on furniture and fixtures owned by her, and situated in an apartment building. Said Madden had been appointed receiver in a proceeding brought to foreclose a mortgage on the said premises. The assignment authorized and directed him as receiver to pay to appellee the rents accruing under said lease as the same should become due. Appellee executed a receipt for the assignment, which concluded as follows: "When said note of $1,000 is paid I am to return the said lease and the said mortgage."

Subsequently appellee filed her intervening petition in the foreclosure proceeding, praying that the receiver be ordered to pay to her the sum of $276 due from him upon the lease assigned to appellee as above stated.

Appellant claims that the $1,000 note secured by the assignment of said lease has been paid, half of it in May, 1899, and the remaining $500 by delivery of two notes, one for $937 and one for $563 made by a corporation not a party to this proceeding, and guaranteed by appellant and her husband. Judgments have been confessed, it is said, upon these notes for the balance due thereon amounting to $683.86, but this balance has not been collected from appellant as guarantor. Upon receipt of these notes the original $1,000 note secured by the assignment of the lease in question was returned to appellant marked "cancelled and returned."

WILLIAM BENNETT MOORE, attorney for appellant.

CHARLES D. STILLWELL, attorney for appellee.

MR JUSTICE FREEMAN delivered the opinion of the court.

The question presented in this case is whether the delivery of the two notes, one for $937 and the other for $563, guaranteed by appellant and her husband, in which was

included the unpaid balance of $500 of the original $1,000 note was a payment of the last mentioned note, entitling appellant to a return of the lease which had been assigned to appellee to secure its payment. There is positive conflict of testimony, and we need not review it. The master found that the original debt had been paid by delivery of the new notes and that "appellant is not indebted in any way individually to the said Clara G. Skinner." The Circuit Court upon hearing differed from the master and entered a decree finding appellee entitled to the rent money in controversy, which is in the hands of the receiver.

It appears that when the original note was canceled and returned, appellee still retained the assignment of the lease and the other security taken at the same time. The assignment was absolute on its face. Appellant made no objection and apparently did not ask for its surrender. She held a receipt entitling her to the return of the assigned lease " when said note of $1,000 is paid." If she regarded it as then paid the natural thing for her to do would have been to take up the security; but the debt was not paid; its form only was changed. Appellant was not released from the obligation. The new notes taken in exchange for that canceled and returned, bore her guaranty. " The giving of one promissory note in lieu of another does not necessarily operate as a payment. In order to have that effect it must be so understood and intended by the parties." Jansen v. Grimshaw, 125 Ill. 468–476; Belleville Savings Bank v. Bornman, 124 Ill. 200–207; Bradford v. Neill & Mahnke Construction Co., 76 Ill. App. 488–494. Payment is an affirmative defense and the burden of proving it is on the defendant. Hanke v. Cobiskey, 57 Ill. App. 267; Lawther v. Everts, 63 Ill. App. 432–435; Schwarze v. Greenbaum, 58 Ill. App. 221–222. The testimony does not warrant the conclusion that the parties understood or intended the new notes to be given or received in payment of the debt or of the note which evidenced it. That note was not paid in fact. It was replaced by new notes for the same and additional

indebtedness.  The note not having been paid, appellant was not entitled to the return of the lease assigned as security.

The judgment of the Circuit Court is affirmed.