# CASES

## SECOND DISTRICT

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEARS 1914 and 1915.

---

## Peter Schoenhofen Brewing Company, Appellant, v. John Dailey and Joseph A. Weil, Appellees.

### Gen. No. 5,943.

1. APPEAL AND ERROR, § 1571*—*when inclusion in judgment of defendant not served not reversible error.* A judgment will not be reversed for the inadvertent entry thereof in favor of three defendants, one of whom was not served, where the record was amended during the pendency of an appeal and an additional record filed in the Appellate Court.

2. PRINCIPAL AND SURETY, § 52*—*burden of proving release of sureties by principal accepting obligor's note.* In an action against sureties on a bond, they have the burden of establishing by a preponderance of the evidence that they were released from liability by the acceptance by the principal of the obligor's note in payment of the secured debt.

3. PRINCIPAL AND SURETY, § 54*—*sufficiency of evidence to show release of surety by principal accepting obligee's note.* The evidence *held* not to show that the principal in a bond accepted the obligee's note in payment of a secured debt so as to release the sureties on the bond.

4. PAYMENT, § 6*—*when acceptance of note payment of pre-existing debt.* The acceptance by a creditor of a debtor's note for the amount of a pre-existing indebtedness does not constitute payment unless the former agrees to take the note in absolute payment.

5. PRINCIPAL AND SURETY, § 54*—*when judgment should be for

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*plaintiff in action against sureties.* Judgment should be rendered for the plaintiff in an action against the sureties on a bond, where the evidence shows that the former merely accepted the obligee's note as evidence of the secured debt and not in absolute payment thereof.

6. Payment, § 6*—*when bringing note into court sufficient surrender to permit recovery against sureties of original debt.* A note accepted by a creditor as evidence of the amount of an indebtedness secured by a bond is sufficiently surrendered to permit a recovery on a bond securing the original debt, where the instrument is produced in court, made a part of the record and submitted to the control of the court.

Appeal from the Circuit Court of Peoria county; the Hon. Theodore N. Green, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed July 31, 1914. Rehearing denied October 8, 1914.

Lackner, Butz, von Ammon, McGregor & Johnston and Clarence W. Heyl, for appellant.

H. S. Miller and J. F. Bartley, for appellees; Richard A. Barr, of counsel.

Mr. Justice Dibell delivered the opinion of the court.

This suit is an action in debt brought by the Peter Schoenhofen Brewing Company, a corporation, in the Circuit Court of Peoria county against Harry W. Essman, John Dailey and Joseph A. Weil, on a bond signed by Essman as principal and by Dailey and Weil as sureties, whereby they became obliged to pay the brewing company the sum of $1,500 in case the said Essman did not pay for beer to be furnished him by the company. The bond was dated October 12, 1908, and this suit was brought September 5, 1912. Dailey and Weil waived service of process and entered their appearance, but Essman was never served with process and the court below had no jurisdiction over him. The declaration alleged that the said Essman did not pay the brewing company for the goods furnished

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

him, but failed to do so, in the sum of $1,500, whereby an action accrued to the plaintiff below to demand of said defendants said sum. Defendants below filed a plea of *nil debet;* a plea that the defendants Dailey and Weil, were released from the obligations of the bond because their principal, Essman, had paid the brewing company the sum mentioned, prior to the commencement of this suit; a plea alleging that said Essman had well and truly performed all things specified in the condition of said bond; and a plea alleging that after the execution of the bond and before the commencement of this suit, the brewing company had accepted from said Essman his promissory note for the sum of $1,500, in full payment of any and all indebtedness incurred by Essman under said bond, and that the payment by means of said note was made without the knowledge or consent of either Dailey or Weil. Replications were filed to these pleas and the cause went to trial before the court without a jury, by agreement. The court below found the issues in favor of the defendants, Dailey and Weil, and gave them a judgment against plaintiff below for costs, from which judgment plaintiff below appeals.

Through inadvertence in entering up the judgment in the court below, it was made to appear that the judgment was in favor of all three of the original defendants, including Essman, upon whom service was never had, and appellant contends that the judgment of the court below should be reversed for that error. The record of the court has been amended in that respect, however, and an additional record filed here, showing that the judgment entered is solely in favor of defendants, Dailey and Weil. This mistake of the clerk of the court below in writing up his record may be corrected by the court at any time, so that the record shall speak the truth, if there is anything of record by which to amend, and the court having done so in this instance, the matter is no longer material here.

During the trial of this cause it was stipulated that Essman was indebted to appellant at the time of the trial in the sum of $1,373.68, after allowing him all just credits, and the only defense sought to be interposed by appellee was that on the ninth day of June, 1910, Essman gave appellant his note for the sum of $1,437; that said note was accepted by appellant in full payment of the account due it from Essman; and that thereby appellees were freed from any obligation under said bond. This defense was an affirmative one and the burden fell upon appellees to establish it by a preponderance of the evidence. The only evidence introduced by appellees in support thereof was the deposition of Essman, in which he stated that he paid his account by means of said note; that the note was in payment of everything he owed the brewing company; that he had given the company certain accounts to collect and that the company was to give him credit on said note for said collections; and that the note had never been returned to him. This evidence is directly contradicted by that of one Becker, formerly traffic manager for appellant but not in its employ at the time of the trial, and therefore a disinterested witness, and by Baltes, a branch manager for appellant and employed in its shipping department at the time of the execution of the note in question. Their testimony is to the effect that the note was not accepted in payment of Essman's account and indebtedness by appellant, but merely as an evidence of it, and that the amount of said note was never credited on Essman's account. In our opinion, appellees have failed to prove by a preponderance of the evidence that the note which was given by Essman to the brewing company was accepted by the company in payment of Essman's debt, and it has been frequently held by the courts of this State that the taking of a note for a pre-existing debt is not payment, unless it be agreed to take the note in absolute payment, or unless the creditor has parted with the note so as expose the debtor to the danger of double payment. *Hercules*

*Iron Works v. Hummer,* 49 Ill. App. 598; *Schumacher v. Edward P. Allis Co.,* 70 Ill. App. 556; 30 Cyc. 1194. In our judgment, therefore, the defense here sought to be interposed was not established.

At the close of the proofs appellant submitted to the court certain propositions which it asked to have held as the law applicable to the case, and the court below held all of them. They were, in substance, that on the proposition whether or not the note in question was given in payment of the indebtedness due, the burden of proof rested upon the appellees; that if a note is accepted by a creditor from a debtor in amount equal to a pre-existing debt and there is no arrangement that the note is to be received in payment of the debt, and there are no circumstances from which it may be inferred that the parties intended the note to be given in payment of the debt, it must be held as a matter of law that the note was not given in payment of the debt but merely to evidence the same; and that it is incumbent upon the party claiming that a note was given in payment of a pre-existing debt to prove that there was an express agreement that it should be so received, or to prove such facts and circumstances that it will appear that it was the intention of the parties that the note should be accepted in full payment. The court below acted correctly in holding these propositions to be the law applicable to this case, but in our judgment, upon these propositions and the evidence presented, should have found in favor of appellant.

Appellees contend that where a note has been given to evidence a debt, the creditor cannot recover upon the debt itself or upon a bond given to secure the payment thereof, unless such creditor surrender the note for cancellation before the trial, and they cite numerous authorities in support of that contention. The authorities cited, upon examination, do not fully support this contention; but they do hold that the creditor should surrender the note at the trial, to protect the debtor against a double liability. This was practi-

cally done by appellant on the trial of this case in the court below. The original note was produced by appellant at the trial and offered in evidence, thereby proving that it had not been assigned but was still the property of appellant. The note from that time on was a part of the record of the trial court in this case, and it has been incorporated in the bill of exceptions and the transcript of the record now on file in this court. This court now has complete control of the original note and this, in our judgment, constitutes a complete surrender of the note by appellant.

For the reasons stated above, the judgment of the court below is reversed and the cause remanded for further proceedings in conformity herewith.

*Reversed and remanded.*