## First Baptist Church of Chicago

*v.*

## Zenas F. Hyde.

1. Statute of Frauds—*promise to pay the debt of another.* Under the statute of frauds, a promise to pay the debt of another will not bind the promisor unless it is in writing and duly signed.

2. Order for Money—*what will constitute an equitable assignment of a debt.* Where a party draws an order for money, upon his debtor, which the latter promises, verbally, to accept and pay whenever a third person, who had authority in that respect, should certify what was owing to the drawer, and the party so authorized to certify the indebtedness agrees to make the certificate so soon as it can be ascertained, on the completion by the drawer of the contract out of which the indebtedness arises, what amount is due, there is no equitable transfer of the debt owing to the drawer of the order to the payee thereof, but it remains due to the original creditor.

3. Allegations and Proofs—*answer of a garnishee.* A ground of defense proven by a garnishee cannot avail, however just in itself, unless it is consistent with the allegations in his answer.

4.   Same — *what constitutes a variance.*   So where a garnishee, in his answer, denies indebtedness to the party on whose account the garnishee process was sued out, he cannot rely upon an alleged equitable assignment of his own indebtedness to a third party as a defense to the proceeding, because the defense thus relied upon is not only different from that alleged in the answer, but repugnant thereto.

Appeal from the Circuit Court of Cook county; the Hon. E. S. Williams, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Messrs. Miller, Van Arman & Lewis, for the appellant.

Messrs. Ward & Stanford, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

It appears from the record in this case that appellee recovered a judgment on the 13th of September, 1865, in the Superior Court of Chicago against Hiram Rosbrook, for $1,220. That an execution was duly issued and returned "no property found." An affidavit was filed, stating the facts required by the statute, and that the First Baptist church of Chicago was indebted to Rosbrook. This affidavit was filed on the day the judgment was rendered, and a garnishee summons was issued out of the court and served on appellant. Interrogatories were filed on the 19th of September, 1865.

Appellant filed an answer in which it was denied that the church held any goods, chattels or money of Rosbrook or was indebted to him. It was however alleged, that the church had employed Rosbrook and Sisley to perform labor on the church, for a certain sum to be paid them for labor and materials. That they entered upon the performance of the labor, but after a part performance they declined to proceed to its completion, and requested that the church would procure others to complete the work, and pay for the same out of the sum agreed to be paid to them, and until the work was completed, they

could not ascertain whether they owed Rosbrook any thing. A trial was had by the court without the intervention of a jury, when the court found that the church was indebted to Rosbrook in the sum of $845.34. A motion for a new trial was entered, which was overruled, and judgment rendered against the garnishee for that amount. And to reverse the judgment the cause is brought to this court by appeal.

William Boyington stated that he was the architect employed to superintend the erection of the church. That Rosbrook had a contract to perform the carpenter work on the building, and to furnish the necessary materials. That he did work and furnished materials under the contract. It provided for a reservation of fifteen per cent. of the amount to be paid him, until the completion of the contract, as a security of a performance on his part. That when the garnishee summons was served Rosbrook had not completed his contract, and that it could not be known what, if any thing, the church owed him until it was completed. That he had failed on his contract, and an arrangement had been made that another party should go on and complete the contract, and Rosbrook was to receive the balance of the contract price after paying the other party. That the other party had completed the contract and had been settled with and paid. And a settlement had been made with Rosbrook, and the church was found to owe him the amount for which judgment was rendered.

That Ferry & Son had furnished lumber to Rosbrook for the church; that, about the 1st of April, 1865, their agent presented an order to witness, who was, under the contract, to examine and certify to all bills for work and to their correctness before they were paid, for the sum of $1,329.99, drawn by Rosbrook on the church, in favor of Ferry & Son; that the witness informed the agent that he could not accept it or certify to it, and the church could not accept or pay it at that time, because it was unknown whether Rosbrook would ever complete his contract, and, until it was completed, the church could not tell how his account would stand. But witness told the agent that he would give Ferry & Son a certificate when Rosbrook was entitled to

his pay, upon which, together with the order, they could get the money.

A day or two afterward Rosbrook called upon witness and said he was indebted to Ferry & Son to the amount named in the order; that it was for lumber furnished for the building, and that he wanted the amount coming to him on the contract to be paid to them to the amount of the order. Witness replied that he would endeavor to arrange the matter so as to comply with his wishes and they get their money. The church owed Rosbrook at the time the order was given, but the witness was unable to state the amount. He also said he had no authority to accept the order, but had authority to certify the amount due, and the amount would have been paid if he had so certified the order. A portion of the work for which the sum was due Rosbrook was performed after the order was given.

Appellant then introduced the order in evidence, and also proved by Merrill, that he was the agent of Ferry & Son. He testified to the drawing and presenting the order substantially the same as did Boyington, except that Boyington informed him that the church owed Rosbrook more than the amount of the order, and would be payable when his contract was completed and he would reserve it for the benefit of Ferry & Son. That he presented it to Bentley, chairman of the building committee, and to Burtis, the treasurer of the church, and asked them to pay or accept it, but they declined without Boyington should certify it, but with such certificate they would pay it. Bentley testified, that the order was presented to him and to the treasurer, for payment or acceptance, and that it was neither paid nor accepted, because it was not accompanied by a certificate from the architect; but, had it been, witness, in the absence of the treasurer, would have had authority to pay or accept it as chairman of the building committee.

There was no transfer of the debt to Ferry & Son. The church or its agents did nothing which bound it either in law or equity to pay that firm the amount then due or what subsequently became due to Rosbrook, to Ferry & Son. It was a naked promise without any consideration, even if it had

amounted to a promise to pay. But the promise by the architect was, that when the work was completed he would certify to the balance due, and the treasurer promised to pay if the architect would certify. The order was not accepted, and under the statute of frauds a promise to pay Rosbrook's debt to Ferry & Son, would not have bound the church unless the promise had been in writing and duly signed. It may be a hard case, but the law cannot bend from its rule to relieve hardships. They should have obtained a legal and binding obligation to pay the money. But failing to do so, and appellee having acquired a legal lien on the sum due from the church to Rosbrook, the fund was thereby placed beyond the control of Rosbrook and of the church, and the law must enforce the lien.

Again, the answer sets up as a defense that appellant owed Rosbrook nothing, or if they did it was contingent, and the amount could not be ascertained until the work was completed. It was substantially a denial of indebtedness. But the evidence shows an entirely different defense. It shows that the church was indebted to him, and the amount, and that there had been a verbal promise on the part of the architect to certify the amount, and of the treasurer to pay when the amount was certified, to Ferry & Son. And this is relied upon as constituting an equitable assignment and a defense to this proceeding. The defense set up by the answer and that shown by the proof are different, and not only so, but they are repugnant, and even if they or either of them amounted to a valid defense, they could not be allowed as they are presented by this record. The *allegata* and *probata* must agree, and failing, the defense, however just, could not be allowed.

We are unable to perceive any error in this record and the judgment must be affirmed.

*Judgment affirmed.*