# 350     APPELLATE COURTS OF ILLINOIS.

## HENRY R. GLOVER AND GEORGE WILLCOMB

### v.

## E. P. WELLS, RECEIVER.

### SAME

### v.

## P. J. LEE.

*Corporations—Assignment—Fire—Insurance—Insolvency—Preference —Receiver—Garnishment.*

1. Acts done by the president of a corporation, pertaining to the business thereof, will be presumed to be legally done, unless shown to be unauthorized.

2. Under the decisions of the Supreme Court of the State of Iowa, a pre-existing debt is a sufficient consideration to support the assignment of a chose in action as security.

3. It is also the law in that State that a stockholder in a corporation organized for pecuniary profit, has, by reason of the ownership of stock, an insurable interest in the corporate property.

4. An insurance company, by establishing an agency in this State, and doing business, becomes a resident and is liable as garnishee of its non-resident creditors.

5. Where a clause in a policy is not in form an assignment thereof, yet, if it was treated and intended as a compliance with an agreement to assign the same, to cover certain indebtedness, it must be held to have accomplished the purpose, and to be as binding on all persons as if in all respects legally formal.

6. A receiver appearing in response to a notice served upon his insolvent is *prima facie* entitled to take money due such insolvent.

7. In an attachment proceeding wherein certain insurance companies were garnished, third persons interpleading and claiming money due therefrom, it is not proper, the court finding that the interpleaders made out their cases, to render judgments in their favor for the amounts due them, and for the attaching creditors for the balance; the proper practice in such case is to discharge the garnishees upon payment to the latter of the sum last named.

[Opinion filed March 13, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. J. P. ALTGELD, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellants.

Messrs. WINDES & SULLIVAN, for appellee, P. J. Lee.

An act done by the president of a corporation will be presumed to have been legally done, and is binding on the body. Morawetz on Corp., Sec. 538; Smith v. Smith, 62 Ill. 493; Mitchell v. Deeds, 49 Ill. 417–424; Union Mutual Life Ins. Co. v. White, 106 Ill. 67–75; Kroft v. Freeman, 87 N. Y. 628; Mechanics and Merchants Bank v. Goddin, 76 Va. 503.

In the absence of a statutory prohibition, an insolvent corporation has the same right to make preferences among its creditors that an individual has. Morawetz on Corp., Sec. 802; Reichwald v. Com. Hotel Co., 106 Ill. 439–452; Planters Bk. v. Whittle, 18 Va. 737; Buell v. Buckingham, 16 Ia. 284.

The pre-existing debt is a sufficient consideration to support the contract of assignment, and the holder can maintain an action against the maker, unless he has some defense against the payee, arising out of the same transaction. Davis v. Carson, 69 Mo. 610, and cases cited; Moore v. Lowrey, 25 Ia. 339; Putnam v. Storey, 132 Mass. 205–212.

The assignments are conclusive as to appellants. It appearing, by Lee's plea to the jurisdiction, that the assignments had been made and the insurance companies notified before service on them, that was sufficient to relieve the garnishees from liability, the facts being admitted by appellants' demurrer to Lee's plea. Walters v. Washington Ins. Co., 1 Clarke (Ia.), 404–411; Moore v. Lowrey, 25 Ia. 336–339; Smith v. Clark, 9 Ia. 241.

Mr. ELBERT H. GARY, for garnishees.

MORAN, P. J. The actions were tried together in the court below, and are brought here on the same record. There is, in fact, but one case, though there are separate judgments in favor of each of two interpleading claimants of money sought to be recovered by appellants, by garnishee process.

Glover & Willcomb commenced an attachment suit in the Superior Court of Cook County against the Dubuque Mattress Company, an Iowa corporation, and caused the attachment to be served on eight insurance companies as garnishees. The companies answered the interrogatories, each admitting the

issuance of a policy to the said Dubuque Mattress Company, a loss thereunder, and that the loss had been adjusted at $500 on each policy. Two of the companies stated in their answers that their policies contained a clause: "Loss, if any, payable to the Commercial National Bank, as its interest may appear." The other six companies set up a notice to them of an assignment of their respective policies on or about the 2d of April, the loss having occurred on April 1, 1889, to P. J. Lee, cashier of the German Bank of Dubuque, Iowa. Judgment was rendered against the Dubuque Mattress Company and in favor of the plaintiffs for $1,581.20, on May 29, 1889, and in response to a notice ordered by the court to be served upon the Commercial National Bank and P. J. Lee, cashier of the German Bank, they interpleaded, setting up their respective claims to the money on the different policies of insurance, and upon a trial by the court without a jury, judgments were rendered against the eight insurance companies for $500 each, in favor of the Dubuque Mattress Company for the use of E. P. Wells, receiver of the Commercial National Bank, for $1,000, and for the use of P. J. Lee, cashier of the German Bank, for $2,665.28, and for the balance of $334 for the use of the plaintiffs.

The chief ground of objection to the judgment in favor of Wells, receiver of the Commercial National Bank, is based upon the contention that the bank had no insurable interest in the property insured.

The facts are that John Kapp and Henry Sauer had conducted a business as a firm, and such firm became indebted to the Commercial National Bank in the sum of $1,000, for which sum the bank held their promissory notes. At the time the loan was made and the note given by the firm, it was agreed that insurance policies on the property of the firm should be assigned to the bank, sufficient in amount to cover the indebtedness.

In 1884 the said Kapp and Sauer and some other persons organized the corporation, the Dubuque Mattress Company, and the firm business and assets were sold out to the corporation, and it agreed to assume and pay the firm liabilities,

and continued the business. Kapp was president of the company, and though no new note was substituted for the one the bank held, yet the indebtedness was treated as that of the corporation, and insurance policies on the corporate property, with the clause that they were payable to the bank as its interest should appear, were kept with the bank, and the indebtedness was extended from time to time. The bank held as collateral for the said indebtedness, $2,500 of the capital stock of the Mattress Company, said stock belonging to said Kapp. Kapp had thus pledged his property to secure the note which the corporation had assumed and agreed to pay, and he stood, therefore, in the position of a surety. Without reference to the question whether the bank would have an insurable interest in the property of the corporation, if it did not hold Kapp's stock as collateral, it is, we think, unquestionable that under the facts as they exist, the money due under the policies should be applied to discharge the debt to the bank. It is expressly held in Iowa that a stockholder in a corporation organized for pecuniary profit, has by reason of such ownership of stock an insurable interest in the corporate property. Warren v. The Davenport Fire Ins. Co., 31 Iowa, 464.

Holding the stock as collateral, the bank had the same interest in the corporate property and the same right to indemnity against its destruction, as the real owner of the stocks, and having such interest it could undoubtedly recover the loss on the policies which it held in an action against the insurance companies. Though the clause in the policies was not in form an assignment of them to the bank, yet as it was treated and intended by the parties as a compliance with the agreement to assign policies to the bank to cover the indebtedness, it must be held to have accomplished that purpose, and to be as binding on all persons as if in all respects legally formal. Pickham v. Haddock, 36 Ill. 38; 1 Jones on Liens, Sec. 79.

As to the title of Wells, he was shown to be in possession of the bank's assets, including the note in question, as receiver, appearing in the court in response to the notice served on the

bank. He was *prima facie* entitled to take any money due to the bank, and no question as to the sufficiency of the proof of his right was made in the court below. The point only concerns the bank or its creditors, and can not avail appellants, who have, under the facts, no right to the fund.

As to the judgment in favor of Lee, cashier, etc., the facts are that the Mattress Company made a loan of the German Bank, which was renewed from time to time, and that at the time the fire occurred the amount due was $3,000, evidenced by the notes of the said Mattress Company. On the morning after the fire, Lee, the cashier of the bank, applied to Kapp, the president of the company, for collateral securities for the debt to the bank, and after some negotiation and pressing, Kapp consented to assign to the bank the six insurance policies, and after having written and executed an assignment of each policy, as president of the Mattress Company, and deliv-ered them to Lee, went with Lee to the agents of the respect-ive companies and gave notice of the assignment.

It is objected that Kapp, the president of the company, had no authority to make the assignments. Corporations usually act through their president. Acts done by him per-taining to the business of the company will be presumed to be legally done, unless shown to be unauthorized. Smith v. Smith, 62 Ill. 493; McDonald v. Chisholm, 131 Ill. 273.

The corporation is not here questioning the assignments; it had the power to make them, even if insolvent, and for the express purpose of preferring the bank as a creditor. Far-well v. Nilsson, 133 Ill. 45.

It is claimed that the pre-existing indebtedness was not a valid consideration for the assignment. Upon this point the law of Iowa controls, and Moore v. Lowrey, 25 Iowa, 336, which case was introduced in evidence as proof of the law in that State, expressly holds that a pre-existing debt is a suffi-cient consideration to support the assignment of a chose in action as security. It was shown upon the trial that certain payments had been made to the German Bank, which reduced its claim to $2,665.28, for which amount Lee, cashier, had judgment, and for the balance due upon the policies assigned

to said Lee, to wit, the sum of $334, the appellants had judgment.  The judgment to be strictly regular should have been to discharge the garnishees on the payment to appellants of the sum last named.  It is not proper practice to render judgment in favor of the interpleader.  See Walton v. Detroit Copper & Brass Rolling Mills, 37 Ill. App. 264.  This error is not against appellants.

Appellee Lee assigns cross-error, and insists that a certain plea which he filed to the jurisdiction of the court should have been sustained; that the insurance policies were Iowa contracts, the assignments of the same legal situs, and Lee a resident of Iowa and not found in Illinois; and that the notice served under the order of court could give the court no jurisdiction to deal with Lee or his claims to the policies.

An insurance company by establishing an agency here and doing business in this State becomes a resident and is liable here as garnishee of its non-resident creditors.  Roche et al. v. Rhode Island Ins. Ass'n, 2 Ill. App. 370.

The *res*, then, was brought within the control of the court by virtue of service on the agents of the companies here, and the answer showing that the effects were claimed by force of an assignment, the order and notice to the claimant was proper practice under Sec. 11 and 12 of the Garnishment Act. If he did not appear in response to the notice he would be concluded by the judgment, and appearing, he of course could not oust the jurisdiction of the court that had rightful possession of the *res* by any suggestion as to the forum where his particular claim should be adjudicated.

The court was correct in refusing to give Lee more than the amount of the indebtedness to the bank.  His only title to the policies was as collateral to said indebtedness.  The overplus would go to the Mattress Company, and of course belonged to the attaching creditors.

There was no error in refusing the proposition submitted to the court to be held by said Lee.

It was not a proposition of law, but a finding of fact.  Upon the whole record, all the judgments rendered are correct and will be affirmed.

*Judgments affirmed.*