John Q. Savage, for use, etc.

*v.*

William M. Gregg.

*Filed at Ottawa May 8, 1894.*

1. Assignment—*collection of claim by assignee.* A, the owner of a claim against a bank, made an agreement with B, an attorney, and one C, by which B was to bring suit against the bank in the name of A for the use of C, and C was to advance money to prosecute the suit and pay costs and expenses. The money was to be collected by B, and after deducting certain expenses and fees, the residue of the money was to be paid, one-half to A and the other half to C: *Held,* that C had a valid, subsisting interest, which he might properly transfer or assign to another, at least in equity, so as to enable the assignee to collect the proceeds of the claim.

2. Same—*acceptance—exempt from garnishment.* Where an entire claim in the hands of an attorney for collection is sold and assigned by a debtor to his creditor, no formal acceptance by the attorney is required in order to pass the debtor's interest therein and place the same beyond the reach of garnishment by other creditors, and the fact that the claim may not be assignable at law will not prevent the debtor from making an equitable assignment of the same, which may be enforced and protected in a court of law.

3. Same—*no particular form required.* In order to constitute a valid assignment of a debt or other chose in action, in equity, no particular form of words is necessary. Any words are sufficient which show an intention of transferring or of appropriating the chose in action to the assignee for a valuable consideration.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. Tuthill, Judge, presiding.

On the 16th day of July, 1889, the law firm of Dent & Black was garnisheed by John Q. Savage, for the use of Frank W. Harding, the action being predicated upon a judgment by confession obtained by Harding against Savage for the sum of $2203.91, rendered at the June term of the circuit court of Cook county, 1889. William M. Gregg filed an amended inter-

11—150 Ill.

vening petition, to which the plaintiff demurred, and the court sustained the demurrer. Gregg, the intervening petitioner, electing to abide by his amended petition, the court rendered judgment against him, and on appeal to the Appellate Court that judgment was reversed.

It appears from the record that an agreement was entered into, on or about the 16th day of July, 1884, by and between George W. Savage, John Q. Savage, and Dent, Black and Cratty Bros., whereby a suit was to be commenced by Dent, Black and Cratty Bros., in favor of George W. Savage, on a claim held by him against the First National Bank of Monmouth, and that in consideration that John Q. Savage advanced certain moneys to prosecute said suit, pay expenses, etc., the said suit was to be brought in the name of George W. Savage, for the use of John Q. Savage, and all moneys collected in the suit should pass through the hands of the attorneys, and after refunding to them any advances made by them and said John Q. Savage, for legal expenses, traveling expenses, stenographers' fees and charges for printing, and also after retaining the contingent fee allowed to said attorneys, they were to divide the excess in collections between John Q. Savage and George W. Savage, equally; that the collection was made by the attorneys July 16, 1889, and that soon thereafter John Q. Savage rendered a bill to the attorneys for outlays by him paid, to be refunded to him as aforesaid, in the amount of $430,—which amount seemed proper to be allowed to him for advances, within the agreement aforesaid; that after deducting these advancements, and other advancements, and balances due the attorneys, together with costs to be paid, including also the contingent fee of the attorneys, there was left a balance of the collection in their hands of $2758.22, to be divided between said George W. Savage and John Q. Savage; that accordingly there was paid to the conservator of said George W. Savage the half of that amount, $1379.11, and that there remained in the hands of the defend-

ant in garnishment $1809.11, which is made up of the $430 due to John Q. Savage for advancements which he made for costs and expenses, and the sum of $1379.11 as his share of the net proceeds of collections out of the Savage suit against the bank. It also appears that John Q. Savage sold his interest in the claim against the bank, to William M. Gregg, by a contract in writing, as follows:

"Chicago, *May 6, 1885.*

"For value received, I, John Q. Savage, do hereby assign, transfer and set over to William M. Gregg, of Chicago, Illinois, and to his heirs and assigns, all my interest in certain claims and demands in favor of George W. Savage against the First National Bank of Monmouth, Illinois, for the recovery of which, suit has been brought in the name of said George W. Savage, for my use, in the Circuit Court of the United States for the Northern District of Illinois. My interest aforesaid hereby assigned is more particularly specified in a certain writing executed by said George W. Savage and myself, whereby Dent, Black and Cratty Bros. were retained to conduct legal proceedings to recover the moneys due said George W. Savage, and the said Dent, Black and Cratty Bros. are hereby requested to recognize said William M. Gregg as my assignee, and to give full effect hereto in his behalf, placing him in my stead as to any moneys which may, under said agreement, become due to me at any time hereafter.

J. Q. Savage."

It also appears that at the time the assignment was made Savage was indebted to Gregg in the sum of $1400, and the assignment was to be held as security for said indebtedness; that afterwards Gregg advanced Savage other sums of money, as loans, on the agreement that the assignment should be held as security for such advances. It also appears that a subsequent arrangement was made, under which Gregg released certain indebtedness he had against Savage, and Gregg agreed, in writing, to pay the wife of Savage one-half of whatever

amount he might receive from said claim, and that $200 has been paid her under that agreement. It also appears that Dent & Black and the assignee of the bank had notice of the assignment to Gregg.

Mr. JOHN M. HAMILTON, for the appellant:

In order to make a valid equitable assignment, the assignor must be the owner of the legal title to the chose in action. Therefore, no such thing or title is known, at common law, as an assignee of a naked chose in action making an assignment of the same to still another assignee, unless in case of negotiable instruments, the title to which passes by assignment and delivery. Bouvier's Law Dic. title "Chose in Action."

Choses in action which may be assigned are limited to debts due or to become due to the assignor, in the technical and strict sense of the word "debts." *Capes* v. *Burgess*, 135 Ill. 67.

The assignment is not good as to garnisheeing creditors, for the reason it was not accepted by the attorney holding the claim. *Reeve* v. *Smith*, 113 Ill. 52; *Ray* v. *Faulkner*, 73 id. 469; *Glover* v. *Wells*, 40 Ill. App. 350; *First Baptist Church* v. *Hyde*, 40 Ill. 150.

Messrs. REED, BROWN & ALLEN, for the appellee:

A chose in action is capable of equitable assignment. The test is, whether the assignor has entirely parted with his interest in the thing assigned. *Carr* v. *Waugh*, 28 Ill. 418; *Koch* v. *Quick*, 29 Ill. App. 535; *Glover* v. *Wells*, 40 id. 350; *Home* v. *Booth*, 22 id. 385; *Phillips* v. *Edsall*, 127 Ill. 547; *Perkins* v. *Hadsell*, 50 id. 216; *Morris* v. *Klancy*, 51 id. 451.

Nor is the chose in action so equitably assigned liable to garnishment. *Dressor* v. *McCord*, 96 Ill. 389; *Chatroop* v. *Borgard*, 40 Ill. App. 279; *Carr* v. *Waugh*, 28 Ill. 418; *May* v. *Baker*, 15 id. 89; *Webster* v. *Steele*, 75 id. 545.

The right of the attaching or garnisheeing creditor is the exact right of a judgment debtor. He stands in the shoes of

the judgment debtor, and unless there could be a recovery by the judgment debtor against the garnishee, there could be no recovery in favor of the attaching or garnisheeing creditor. *Capes* v. *Burgess,* 135 Ill. 67; *Chatroop* v. *Borgard,* 40 Ill. App. 279.

A chose in action, or even a mere possibility, expectancy, or a thing not *in esse,* are assignable. Am. and Eng. Ency. of Law, 830, 831, and notes in cases cited.

In order to constitute a valid and binding assignment it is not necessary that the payee shall accept the same. A mere notice is sufficient. 1 Am. and Eng. Ency. of Law, 835, 836, 837, and notes in cases cited.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

It is not claimed that the assignment of the claim which Savage made to Gregg was fraudulent, or made for the purpose of preventing the creditors of Savage from reaching the fund to be collected from the bank, but, on the other hand, it is apparent that Gregg took and held the assignment for the purpose of securing a *bona fide* indebtedness due and owing from Savage to him. The controversy is, therefore, one between creditors, and it is first claimed by counsel for appellant that John Q. Savage never had or passed the legal or equitable title to any chose in action against the bank,—in other words, he had no assignable interest in the claim against the bank,—and hence the pretended assignment to Gregg passed no title or interest in the fund ultimately collected by Dent & Black from the bank. We do not concur in this view. George W. Savage held a claim against the First National Bank of Monmouth. An arrangement was made between him, Dent & Black, and Cratty Bros., and John Q. Savage, on which a suit was brought on the claim in the name of George W. Savage, for the use of John Q. Savage. Money had to be advanced to prosecute the suit and pay costs and expenses, and

John Q. Savage agreed to make the advances. The money was to be collected by Dent & Black, and after deducting certain expenses and fees, the residue was to be paid, one-half to George W. Savage and the other half to John Q. Savage. Under this arrangement John Q. Savage became the equitable owner of one-half of the claim against the bank, which he had the right to prosecute to final judgment, and after the money should be collected, if Dent & Black had refused to pay it over to him, no reason is perceived why he could not maintain an action in his own name to recover the money. Here was a valid, subsisting interest,—one which might properly be transferred or assigned to another, at least in equity, so as to enable the assignee to collect the proceeds of the claim.

*Capes* v. *Burgess*, 135 Ill. 67, cited by counsel, does not seem to sustain their view of the question. What claims might be assigned did not arise in that case and was not decided. The question there was as to the nature of the claims which might be attached or garnisheed.

It is also claimed that the assignment of the claim was never accepted by Dent & Black or the bank, and upon this ground Gregg is not entitled to hold the money, and in support of this position we are referred to *First Baptist Church* v. *Hyde*, 40 Ill. 150. An examination of the case cited will establish the fact that the question there involved was entirely different from the one presented by this record. There an order for a certain sum of money was drawn by a contractor on a church, which the church never accepted, and it was held that the order did not constitute a transfer of the debt to the payee of the order. If Gregg had received an order from Savage on Dent & Black, for a certain sum of money, and Dent & Black had refused to accept the order, the case cited might be relied on as authority to support appellant's position. But no order was given in this case, and no question in regard to an order is involved. Here, Savage held a claim against a bank. He had a suit pending to recover the amount of his

demand, and he assigned his entire interest in that demand to William M. Gregg, and after the assignment Gregg was recognized by Dent & Black, in whose hands the demand had been placed for collection, as the owner of the claim, and at the request of the attorneys he advanced money to assist in the collection of the claim. From the time the assignment was made, whatever interest Savage had in the claim passed at once to Gregg.

*Reeve* v. *Smith,* 113 Ill. 47, has also been cited as an authority for appellant. There the construction of section 37 of the Attachment act arose, and it was merely held that two judgments rendered at the same term of court were entitled to share *pro rata* in the proceeds of property attached or garnisheed, although one of the actions had been instituted after the attaching debtor had transferred, by assignment, the claim garnisheed, to another creditor. The decision in that case can have no bearing here.

*Ray* v. *Faulkner,* 73 Ill. 469, has also been cited, but that case merely holds that the acceptance by a debtor of an order drawn upon him by his creditor, in good faith, before the service of garnishee process, makes him no longer the debtor of the drawer, and hence not liable to be garnisheed by his creditors. But the case does not hold that a claim may not be sold and assigned in good faith, and thus pass beyond the reach of garnishee process.

We do not think, where the entire claim or demand has been sold and assigned, as was done in this case, any formal acceptance was required on behalf of Dent & Black,—the parties who were to collect and distribute the demand against the bank. It may be conceded that the claim or demand held by Savage against the bank was not assignable at law, but that would not prevent Savage from making an equitable assignment of the claim, which may be protected and enforced in a court of law. This court is fully committed to that doctrine.

In *Morris* v. *Cheney,* 51 Ill. 451, in discussing the question, the court said: "The doctrine is well settled that courts of law will recognize and protect the right of the assignee of a chose in action, whether the assignment be good at law or in equity only, and in *Carr* v. *Waugh,* 28 Ill. 418, this court said, that in equity all contracts and agreements may be assigned and will be protected, and the interest of the assignee will constitute a defense to a proceeding in garnishment. * * * Even if there was no formal written assignment of this claim, nothing is shown to prove a sale of it by a person authorized to make it, and it has not been repudiated by the parties in interest. It is true, a debt, or chose in action is not generally assignable in law, except in the case of negotiable instruments, and for that reason the assignee is ordinarily compelled to seek redress against the assignor and debtor solely in courts of equity." So in *Hodson* v. *McConnell,* 12 Ill. 170, it is said: "The doctrine is well settled that courts of law will notice and protect the interests of the equitable owners of choses in action, and particularly so in the matter of a garnishee proceeding, which is of an equitable character." See, also, *Dressor* v. *McCord,* 96 Ill. 389.

In order to constitute a valid assignment of a debt or other chose in action, in equity, no particular form of words is necessary. Any words are sufficient which show an intention of transferring or appropriating the chose in action to the assignee for a valuable consideration. 1 Am. and Eng. Ency. of Law, 834, and cases cited in notes.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*