## Edward A. Price et al. v. German Exchange Bank.

1. GARNISHMENT—*Assignment of the Debt.*—A garnishment, although served before the garnishee has notice that the debt has been assigned, does not take precedence of the assignment.

Garnishment.—Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed October 31, 1895.

L. S. HODGES, attorney for appellants.

ZACH. HOFHEIMER, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

On the 9th day of November, 1893, the appellants, residing in New York, commenced in the Circuit Court an action by attachment, against Solomon Simon et al., also residing in New York, and summoned as garnishees the firm of Sweet, Dempster & Co., of Chicago, who answered that they were indebted to Simon et al. $858.36, to become due thereafter.

The bank interpleaded, claiming the fund. Simon et al.

assigned the indebtedness of the garnishees to the bank in New York, with other indebtedness of other parties, November 6, 1893, to secure $4,000, which Simon et al. owed the bank. Of this assignment the garnishees had notice about two hours after they were served with the garnishment summons.

On the trial it appeared that all of the indebtedness of Simon et al. to the bank, except $881.49, had been paid, and as to that sum, there is no proof whether it has been paid or not. But payment is a fact to be proved by the party claiming the benefit of it. There is no presumption in his favor.

The point most strongly pressed by the appellants is that a garnishment served before the garnishee has notice that the debt—being non-assignable at law—has been assigned, takes precedence of the assignment. The law is held the other way in this court. Gregg v. Savage, 51 Ill. App. 281.

The judgment discharging the garnishee, and for costs to the bank, is the proper judgment. Commercial National Bank v. Payne, No. 5792, this term; Glover v. Wells, 40 Ill. App. 350 .

It is affirmed.