Schwartz v. Messinger.

## Sali Schwartz et al. v. W. D. Messinger.

1. CONTRACTS—*Interpretation of.*—A written contract must be so interpreted as, if possible, to carry out the intention of the parties.

2. VOLUNTARY ASSIGNMENTS—*Subject to Existing Equities.*—An assignee under the law relating to assignments for the benefit of creditors, takes the property of the assignor subject to equities existing at the time of the assignment.

Assignment for the Benefit of Creditors.—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

E. A. ROSENTHAL, MOSES SALOMON, HENRY F. JOSLIN and SIMEON E. BAUM, attorneys for appellants.

D. M. MARTINDALE, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellants are creditors of Leon Hornstein, who was a printer, and made an assignment for the benefit of his creditors, and the assets are now being administered under the direction of the County Court.

Before his assignment he had a contract to furnish to B. F. Norris & Allister a catalogue for the price of $3,800. He owed the appellee about $800, and besides bought from the appellee paper to the value of $1,205.52 to use in making the catalogue. Hornstein's business name was "Hornstein Bros." Before the catalogue was finished Hornstein gave to the appellee a paper as follows:

"For value received, we hereby sell, assign and transfer all of our right, title, and interest in and to the stock intended for the B. F. Norris & Allister Company catalogue to W. D. Messinger, the same being 305 reams 36x48 S. & S. C. Tint Book, valued at $1,200, and also we hereby sell, assign, and set over out of the work already done on said catalogue, and of the account against said B. F. Norris & Allister Company, the sum of eight hundred dollars ($800), to W. D. Messinger. It being the intention to secure to said W. D. Messinger the sum of two thousand dollars ($2,000) out of said job. All of which is for value received.

HORNSTEIN BROS.
LEON HORNSTEIN.

Chicago, Sept. 12, 1895."

If that paper has any legal or equitable operation, the appellants say that it was an unlawful preference of the ap-

pellee, and not valid under the familiar doctrine of Preston v. Spaulding, 120 Ill. 208.

That question was determined by the County Court in favor of the appellee, upon a consideration of a good deal of evidence, and without reviewing that evidence we concur in that determination.

Although the paper purports to be a sale of the paper mentioned in it, yet it is clear that it was not intended so to operate. On the contrary, it was intended that the property in the paper, worked up into catalogues, should pass to Norris & Allister.

But "a written contract shall be so interpreted as, if possible, to carry out what the parties meant." Bishop Cont., Sec. 380.

The paper expresses the intention in unambiguous words, and the mode adopted by assigning the "stock" and part of the "account" was sufficient between the parties themselves to constitute an equitable assignment of $2,000 of the money which might accrue from Norris & Allister to Hornstein "out of said job." Bispham Prin. Eq., Sec. 167; 1 Am. & Eng. Ency. of Law, 835. And see the principles by which intention is to be carried into effect very fully stated in Peckham v. Hadduck, 36 Ill. 38.

Now the assignee took the property of Hornstein "subject to all the equities that existed in respect thereof in the hands of" Hornstein. Davis v. Chicago Dock Co., 129 Ill. 180.

Whatever was operative as an assignment against Hornstein, was so against the assignee.

The record shows that from Norris & Allister, upon the contract for the catalogue, $1,399.50 came to the hands of the assignee, and the appellee has been paid nothing.

The court directed the assignee to pay the money to the appellee, and from that order this appeal is prosecuted. The order was right, and it is affirmed.

What is said in the brief of the appellants about claims for labor is based upon no error assigned, nor upon any showing that any of these appellants had any interest in any such claims. Affirmed.