## William Harlev et al., for use Philip D. Armour et al., v. William Harlev, Jr.

1. LOST RECORDS—*How Restored.*—If any portion of the record of a cause is lost the court may restore it on the application of a party interested, but parties opposed in interest should have reasonable notice and an opportunity to ascertain whether the loss is to be truly supplied.

2. PRACTICE—*Error, how Shown.*—Before this court can reverse a decision of a lower court, it must affirmatively appear that the court below erred.

3. SAME—*Contents of Lost Pleading—How Proven.*—It is not error to refuse permission to file an alleged copy of a pleading which has been lost; and an affidavit of the correctness of the copy is not sufficient, but affiant should be sworn as a witness and subject to cross-examination when his statements regarding the contents of the lost paper will be competent evidence.

4. GARNISHMENT—*Relative Rights of Garnishing Creditor and Interpleader.*—Between a garnishing creditor and an interpleader, any transaction not tainted by fraud in fact, which gives to the interpleader, as against the original debtor, the fund in question, is good against the garnishment.

5. PAYMENT—*Burden of Proof.*—Payments upon a debt are affirmative facts to be proved by the party claiming the benefit of such payments.

6. NEW TRIALS—*Diligence as to Newly Discovered Evidence.*—Before a new trial will be granted on account of newly discovered evidence

Harlev v. Harlev.

the proof must negative every circumstance from which negligence can be inferred. An affidavit stating that diligent search for the desired evidence was made, is not sufficient, as it gives the court no information as to the efforts made, but only the opinion of the affiant of his diligence.

**Garnishment Proceedings.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 5, 1896. Rehearing denied November 19, 1896.

ALFRED R. URION and ABRAM B. STRATTON, attorneys for appellants.

ENNIS & COBURN, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Armour & Co. sued out, upon a judgment in their favor, against William Harlev (senior) and Alfred Harlev, garnishee process against the Griffith & McDermott Construction Co., who answered, stating a purchase of property from Alfred Harlev, acting for himself and William Harlev (senior), as a firm named William Harlev & Son, and that the appellee claimed the price of the property.

The result was that the appellee came in under the provisions of sections 11 and 12 of chapter 62, Garnishment, as an adverse claimant of the fund. He stated a purchase of a building which was part of the property, from the firm, and a chattel mortgage from them, and, as a witness, testified that the firm owed him $1,722.91, and for the building he allowed $175 as payment, and took a chattel mortgage on other property to secure the residue.

Among the mortgaged property were some wheel-barrows, also sold to the garnishees.

Whether the appellee's claim was based upon a truthful statement of the facts, was a question for the jury. The verdict can not be disturbed on the evidence alone.

On the trial the appellants asked leave to file what they presented as a sworn copy, by affidavit attached, of an original answer—as they called it—filed by the appellee,

and lost from the files, for the purpose of using it as evidence.

If any portion of the record of a cause is lost, the court may restore it on the application of a party interested; but a party opposed in interest should have reasonable notice, and an opportunity to ascertain whether the loss is to be supplied truly. Harris v. Lester, 80 Ill. 307.

It was not error in the court to deny the offer to file, as part of the record, matter presented as this was. Had the appellants proved by a witness, subject to cross-examination, the fact of loss and the correctness of the copy, they might have used the copy as evidence, if its contents were material on the issue to be tried.

The points argued by the appellants are, as to that supposed copy—refusals by the court to peremptorily instruct the jury on the facts—and the refusal to grant a new trial on account of newly discovered evidence. We have already said sufficient about the facts.

Even if the supposed newly discovered evidence were material, and not cumulative, it does not appear that there was any diligence in looking for it before the trial.

The judgment is affirmed.

MR. JUSTICE GARY ON PETITION FOR REHEARING.

The first point made is, that the decision is wrong upon the question of filing the alleged copy of the alleged first answer.

Why the court would not permit it does not appear, nor does it appear that the counsel for the appellee objected to the filing; but before we can reverse, it must affirmatively be shown that the court erred.

Now, an affidavit attached to a paper is not proof of a fact which may be contested, viz., whether the supposed copy was a true copy. As the affidavit was made by the attorney who presented the alleged copy, why was he not sworn as a witness, subject to cross-examination, to the truth of the copy? Then, if he established its truth, whether it should be filed or not, was of no consequence

for the purpose for which he wished to use it. With or without filing, it would have been competent evidence for the appellants as a prior statement by their adversary, relating to the subject-matter of the controversy.

The dispute between these parties is over proceeds of property sold to the Griffith & McDermott Construction Company. Between a garnishing creditor and an interpleader, any transaction not tainted by fraud, in fact, which gives to the interpleader, as against the original debtor, the fund in question, is good against the garnishment. Gregg v. Savage, 51 Ill. App. 281; affirmed, with names reversed, in 150 Ill. 161.

So also, against an assignee for the benefit of creditors. Schwartz v. Messinger, 64 Ill. App. 495.

To what extent possession had been taken by the interpleader of the purchased property, or what dealings with the mortgaged property he had permitted to the mortgagors, would be material only upon the question of whether there was an intent by the parties to commit a fraud upon creditors.

The appellee having shown an original actual indebtedness to himself—if he told the truth—his statement that he thought but " could not say " that he had been paid for the wheel-barrows, when the case showed that the purchaser had not paid for them, is not conclusive evidence; though he does say that such payment came from one of the original debtors, who are pretty clearly insolvent.

The only exceptions during the trial are to the action of the court upon that supposed copy, and refusal to peremptorily instruct for the appellants upon the facts—in neither of which matters did the court err.

If less than the total fund in controversy remained due to the appellee, the appellants might have been entitled to the difference, but no such aspect of the case was presented to the court below. Payments upon the debt were affirmative facts to be proved by the party claiming the benefit of such payments.

The burden of proving the negative was not upon the appellee.

As to diligence upon the newly discovered evidence, the affidavit of the appellants' attorney is, " that prior to the time of going to trial he inquired diligently among persons doing business with William Harlev & Sons, and others, with the view to ascertain whether any of the balance of the mortgaged property had been sold, but was unable to secure any information that would throw any light upon the subject."

Such an affidavit gives the court no information as to the efforts made, but only the opinion of the affiant of his diligence.

The affidavit should have gone into a minute detail of the efforts, for it was necessary that it should " negate every circumstance from which negligence may be inferred." Crozier v. Cooper, 14 Ill. 139; Champion v. Ulmer, 70 Ill. 322.

The petition for a rehearing is denied.