## H. H. Combs v. New Albany National Bank.

1. CORPORATIONS—*Status of Property of, When Insolvent—The Doctrine at Law and in Equity.*—The rule that the assets of an insolvent corporation are a trust fund for the payment of creditors, and that directors can receive no preference or advantage from their insolvent corporation over others, is purely a doctrine of equity, and until a court of equity acts, an assignment of property made by an insolvent corporation to its directors, or some of them which is otherwise legal, will stand.

Intervening Claim, in an attachment suit. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 21, 1897.

W. N. HORNER and FRANK M. LOWES, attorneys for appellant.

TENNEY, McCONNELL & COFFEEN, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is a contest over money paid into court by a garnishee; the appellant claiming by attachment against the

New Albany Rail Mill Company, and the appellee claiming under a prior assignment of the fund from which the money came, made to the appellee by the Mill company.

The claim of the appellant is, that the assignment was made when the Mill company was hopelessly insolvent, and that the stock and management of the Mill company and of the bank were both mainly in the same hands, so that an assignment by the Mill company to the bank was fraudulent as to other creditors, under the doctrine of Beach v. Miller, 130 Ill. 162. He does not deny the fact of sufficient consideration for the assignment, but denies the right of the Mill company to give a preference to the bank under such circumstances.

The case of Roseboom v. Whitaker, 132 Ill. 81, followed in Atwater v. American Ex. Bank, 152 Ill. 605, decides that where a stranger to a corporation has, by levy of attachment or execution, acquired what would be a first lien upon tangible property of a corporation, but for a prior voidable judgment against the corporation—a judgment authorized by the directors, and by which they attempted to secure to themselves preferences in the disposition of the assets — that in such case the prior judgment being by proceedings in chancery avoided, the levy for the benefit of the stranger would take effect, and secure to him a preference, as if the avoided judgment had never existed.

Here is no appeal to equity. The appellant has, at most, only such a hold upon the fund as is subject to prior equitable assignment. Harlev v. Harlev, 67 Ill. App. 138.

This is a proceeding at law. The assignment is such as the law will notice when it comes in conflict with a garnishment. The fiduciary character of the officers of the Mill company, and that by reason of their interest in the bank, they were unfaithful in the duty they owed to the general creditors of the Mill company, is purely a doctrine of equity, and until a court of equity acts, the assignment must stand.

The judgment in favor of the appellee is affirmed.