## Henry M. Mason v. Chicago Title & Trust Co.

1. DEPOSITIONS—*Suppression of.*—*When Witness is Not a Non-Resident.*—The deposition of a witness taken in another State under the terms of a stipulation of the parties will not be suppressed, on the ground that the witness did not at the time reside in such State, but was in fact a resident of the county in which the suit was pending.

2. ASSIGNMENTS—*Oral, of Accounts.*—An oral assignment of accounts receivable, made by a corporation prior to a general assignment for the benefit of creditors, is sufficient to pass the equitable title to such accounts.

**Voluntary Assignments.**—Petition to have certain accounts receivable turned over to the assignee. Trial in the County Court of Cook County; the Hon. J. H. BATTEN, Judge, presiding. Hearing and decree entered dismissing the petition. Appeal by petitioner. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed July 21, 1898.

FRANK O. LOWDEN and EDWARD B. BURLING, attorneys for appellant.

KNIGHT & WAGNER, attorneys for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

This is an appeal from a decree of the County Court of Cook County, dismissing a petition filed by the appellant, Henry M. Mason, against the Chicago Title & Trust Company, assignee of Straw & McCoy Company, a corporation, insolvent. The petition prayed that the court should order the assignee to turn over to the petitioner certain statements of accounts receivable of the insolvent, which the petitioner alleged had been assigned to him by the insolvent corporation prior to its general assignment to the Chicago Title & Trust Company. The court found, as a fact, that no accounts had been assigned to Mason by the insolvent, and that the insolvent had made no agreement to assign any accounts to him, and accordingly the petition was dismissed.

From the order dismissing his petition Mason has appealed, and assigns numerous errors, but only argues that the evidence does not sustain the finding of the County Court; that the oral assignment of the accounts to Mason was good in law; and that the court erred in overruling the motion of appellant to suppress the deposition of Mrs. McCoy. We will consider these points in the inverse order of the argument. The deposition of Mrs. McCoy was taken pursuant to commission issued out of the County Court of Cook County, which stated that said witness resided at Waukesha, Wisconsin, upon notice to petitioner and upon oral interrogatories, and also pursuant to a stipulation of petitioner's attorneys waiving the statutory time of notice, and that the deposition might be taken on Saturday, October 23, 1897, at the office of V. H. Tichnor, at the Coleman House in Waukesha, Wisconsin.

It developed on the cross-examination of the witness that she resided in Chicago, and not at Waukesha, Wisconsin, but that she went to Waukesha, Wisconsin, on the day her deposition was taken, to attend upon her mother, who was then sick at Waukesha. When the deposition was offered in evidence, petitioner moved the court to suppress the same, because of the said matters developed on the cross-examination, and because no reason appeared of record why Mrs. McCoy was not produced in court to testify. No showing was made to the trial judge, but that petitioner and his attorneys knew, when they stipulated that the deposition might be taken, that Mrs. McCoy resided in Chicago. Therefore, in view of the stipulation, the court was justified in overruling the motion to quash.

The assignment of the accounts receivable, claimed to have been made to petitioner prior to the general assignment for benefit of creditors made to appellee, was oral, but if established by the proof, was sufficient to pass the equitable title of the accounts in question to petitioner. It is not necessary that such assignment should be in writing. 2 Story's Eq. Juris. p. 266, Sec. 1047 (12th Ed.); York v. Conde, 61 Hun (N. Y.), 26 and cases cited; Pass v. McRae,

36 Miss. 149; Savage v. Gregg, 150 Ill. 161; Chapman v. Plummer, 36 Wis. 265.

In Story's Eq. Juris., *supra*, the author states: "Any order, writing or act, which makes an appropriation of a fund, amounts to an equitable assignment of the fund."

In the York case, *supra*, in which there was a contest between a written assignment of a chose in action and a previous oral one, the court said: "The first assignment was not invalid because it was oral," and reversed the judgment of the trial court in holding that the written assignment should prevail.

In the Pass case, *supra*, in which the question was as to the effect of an oral assignment, the court said: "We think it is well settled both upon principle and authority that the rights of equitable assignees will be protected by the courts of law as well as by courts of equity, and whenever it sufficiently appears that it is the intention and understanding of the parties that the transaction shall be an assignment, there is nothing in the law to prevent its having that effect. It is manifest from the proof in this case that the Planters Bank was intended and understood to be the beneficial owner of said account prior to the rendition of judgment thereon, and of said judgment after its rendition."

In the Chapman case, *supra*, in which the question was as to an oral assignment of an account for rent, the court said:

"We are not aware that any particular formality is necessary to effect a transfer of such a claim. Any transaction between the contracting parties which indicates their intention to pass the beneficial interest in the instrument from one to the other is sufficient for that purpose; a debt may be assigned in equity by parol as well as by writing."

The evidence on behalf of the petitioner as to the assignment in question consisted of the testimony of five witnesses, including two attorneys who acted on behalf of, and advised the officers of the insolvent corporation in reference to the assignment; were familiar with and took part in its details, and appear to be fair, honest and disinterested witnesses. One of the witnesses was the bookkeeper of the

insolvent, whose affidavit was read on behalf of appellee. As opposed to those on behalf of appellee, there was read the deposition and affidavit of Mrs. McCoy, the treasurer of the insolvent, the affidavits of her husband, William A. McCoy, its general manager, and William F. Servis, its bookkeeper.

We have fully and carefully considered all the evidence bearing on the question of the assignment, and are of opinion that its clear weight is against the finding of the County Court, and that it establishes, as against the testimony on behalf of appellee in this record, that there was a valid oral assignment by the insolvent corporation, based on a good consideration, of the accounts in question to Mason prior to the assignment for the benefit of creditors to appellee.

Inasmuch, however, as there appears from the record to be two persons, Mr. and Mrs. Straw, the president and secretary of the insolvent, who were not called, though present when it is claimed the assignment was made, and because on another hearing the testimony of Mr. and Mrs. McCoy may be heard in open court and Mrs. McCoy subjected to cross-examination, the judgment of the County Court will be reversed and the cause remanded.