## Louisa Steingrebe, Intervenor, etc., v. French Mirror & Glass Beveling Co.

1. EQUITABLE ASSIGNMENTS—*Requisites of.*—No particular form of words is necessary in order to constitute a valid assignment of a debt or other chose in action, in equity. Any words are sufficient which show an intention of transferring the chose in action to the assignee for a valuable consideration. Any order, writing, or act which makes an appropriation of a fund, amounts to an equitable assignment of the fund. The question in all cases of equitable assignments is what was intended by what was said and done by the parties.

2. SECURITY—*For Debt—Rights of Holder.*—One holding security for a debt, is entitled, in the absence of an agreement to the contrary, to hold all the security until all the debt is paid.

3. PAYMENT—*Burden of Proof.*—Payment is a fact to be proved by the party claiming the benefit of it.

Assumpsit.—Writ of attachment. Trial in the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Verdict and

judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded with directions.   Opinion filed July 11, 1899.

FLOWER, SMITH & MUSGRAVE, attorneys for appellant.

To constitute a valid assignment of a debt or chose in action no particular form of words is necessary. Any order, writing or act which makes an appropriation of a fund amounts to an equitable assignment. An oral or written declaration may consequently be as effectual as the most formal instrument, and pass the rights to an obligation under seal or of record. Am. & Eng. Ency.,Vol. 1, p. 835.

FERGUSON & GOODNOW, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The Joseph Knittel Show Case and Cabinet Works Company, an Illinois corporation located at Quincy, Illinois, gave what purported on its face to be a chattel mortgage dated July 8, 1896, to Louisa Steingrebe, the appellant, to secure the payment of its two promissory notes to her, aggregating eight thousand dollars.

By its terms the mortgage purported to " sell, assign and transfer " certain specified machinery, tools, implements, stock in trade and " all book accounts, all other material, fixtures and chattel property of every kind and description belonging to said company at their office at Third and Broadway at Quincy, Illinois," etc.

And it was provided that the company should " retain the ordinary use and possession of such property " until the notes were paid, subject, however, to the right of the mortgagee to take possession in the event of certain happenings, as is usually provided in cases of chattel mortgages containing like provisions for the possession of the property to remain with the mortgagor.   The Knittel Company is not questioning the validity or effect of the writing as a mortgage or any purpose for which it may stand.   The contest is wholly between creditors of that company.

On July 16, 1896, the appellee, a general creditor of the

Knittel Company, sued out of the Superior Court of Cook County an attachment in aid of its assumpsit suit against said Knittel Company and garnisheed one Shinners of Chicago, a claimed debtor of the Knittel Company.

The appellant interpleaded and claimed that the money due from Shinners belonged to her and was not subject to attachment or garnishment for the debts of the Knittel Company, and the real issue is upon that interplea.

The Superior Court found that Shinners was indebted in the sum of $596, denied the prayer of the interplea, and gave judgment against Shinners' garnishee, and in favor of the attachment by appellee.

We omit mention of some details that in the view we take are immaterial.

The substantial question is one of law, merely, upon facts that are not in dispute. Whether the chattel mortgage, as such, could properly cover book accounts, or whether it was valid or not in other respects, is wholly immaterial. For the purpose of this case it may be conceded that, considered as a mortgage merely, it was ineffectual as against the appellee.

As an assignment, or evidence of it, of the book account against Shinners it may only be considered.

Joseph Knittel, president of the Knittel Company, was the only witness who testified in the case. He testified, in substance, that the mortgage was given to secure a prior loan made by Mrs. Steingrebe, and was to cover the book accounts, which as they should be collected were to apply on the mortgage, on the amount borrowed; that notices of the assignment of the accounts were sent immediately to various debtors, including Shinners; that the books in which the accounts were kept remained in the possession of the Knittel Company, but that Mrs. Steingrebe, who was present when the mortgage was made, took possession of the mortgage itself; that the mortgage was the only writing that evidenced the assignment of the accounts, or under which they were attempted to be transferred to Mrs. Steingrebe, and that it was through that instrument alone that she received the book accounts.

The transaction indicates a clear intention by the Knittel Company to pass all its beneficial interest in the accounts to Mrs. Steingrebe and by her to receive it, and that was all that was required. The written instrument, whether it be called a chattel mortgage or by some other name, is indisputable evidence of that intention. An oral assignment would have been equally effectual.

"Any order, writing or act which makes an appropriation of a fund, amounts to an equitable assignment of the fund." Mason v. Chicago Title and Trust Co., 77 Ill. App. 19, and authorities there cited.

"In order to constitute a valid assignment of a debt or chose in action, in equity no particular form of words is necessary. Any words are sufficient which show an intention of transferring or appropriating the chose in action to the assignee for a valuable consideration." Savage v. Gregg, 150 Ill. 161.

The language used in the so-called mortgage is not, to be sure, artificially exact, but the question in all cases of equitable assignments is what was intended by what was said and done by the parties, and as to that intention and its effectuation, there can be no doubt from Knittel's testimony.

"Though the clause * * * was not in form an assignment * * * yet as it was treated and intended by the parties as a compliance with the agreement to assign * * * it must be held to have accomplished that purpose; and to be as binding on all persons as if in all respects legally formal." Glover v. Wells, 40 Ill. App. 350.

The only inquiry need be, was there an intention to assign on the one side and an assent to receive on the other, and was what was done an effectuation of such purpose. With that inquiry answered affirmatively, as in this case it must be,

"The doctrine is well settled that courts of law will notice and protect the interests of the equitable owners of choses in action, and particularly so in the matter of a garnishee proceeding, which is of an equitable character." Savage v. Gregg, 150 Ill. 161.

It was not necessary, as seems to be argued by appellee, that the interplea should have been filed for the use of the Knittel Company. Proceedings like interpleas of this char-

Steingrebe v. French Mirror & Glass Beveling Co.

acter are equitable in their character and should be, as this was, presented by the real party in interest.

The points that because other property than the accounts was transferred by the mortgage the mortgagee must give credit on her debt for the value of that property, and only recover out of the funds in the hands of the garnishee the balance, and that she may have been paid in some way not appearing, in which event she could not dispute the garnishment, are without merit.

There is no presumption of law of the kind contended for with reference to either point.   One holding security for a debt is entitled, in the absence of agreement to the contrary, to hold all the security until all the debt is paid.   As to payment, that is a fact to be proved by the party claiming the benefit of it.   Price v. German Exchange Bank, 60 Ill. App. 418.

And this last cited case decides also what there is some hint concerning in appellee's brief, that even though the garnishee had no notice of the assignment of the account before the garnishee writ was served upon him, the garnishment will not take precedence of the assignment.

We refrain from discussing any of the questions predicated upon rules of law applicable to chattel mortgages as such.  Appellant makes no claim as mortgagee, and her rights in no manner depend upon the treatment of the writing as a mortgage.

She claims only as assignee, and the whole purpose served in this suit by the purported mortgage is to evidence and establish the assignment.

As assignee of the accounts, the appellant was clearly entitled to have judgment upon her interplea for all that was determined to be owing from Shinners.   The judgment of the Superior Court is accordingly reversed, and the cause remanded to that court with directions to enter judgment in favor of appellant for the amount of $596, found against Shinners, and deposited by him with the clerk of the court, and to direct the said clerk to pay the said amount to appellant.   Reversed and remanded, with directions.