## Standard Varnish Company, Appellee, v. D. N. Jay et al., Appellants.

## Gen. No. 5,113.

1. CORPORATIONS—*effect of failure to record charter.* If business has been transacted under the name of a corporation without filing its charter, the stock subscribers are liable as partners.

2. EVIDENCE—*what sufficient to establish delivery of merchandise.* Held, that the evidence in this case was sufficient *prima facie* to show delivery of the merchandise in question to the consignee.

3. EVIDENCE—*when complaint of absence of cannot be made.* The absence of material evidence cannot be complained of by the party whose objection has prevented its introduction.

4. ASSUMPSIT—*what proof not essential.* In an ordinary case of a suit to recover for merchandise sold and delivered, it is not necessary to aver or prove that the defendant was requested to pay and did not do so.

Assumpsit. Appeal from the County Court of Kendall county; the Hon. WILLIAM HILL, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 24, 1909. Rehearing denied April 21, 1909.

WHEELER, SILBER & ISAACS, and CHARLES DARNELL, for appellant.

ATWOOD, PEASE & LOUCKS, JOHN FITZGERALD and O. G. LAWBAUGH, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The Standard Varnish Company brought this suit in *assumpsit* against D. N. Jay and six others, stockholders and officers of H. A. Otis Manufacturing Company, to recover for merchandise alleged to have been sold and delivered to said company, the ground of liability against said defendants being that they had assumed to exercise corporate powers under said corporate name without having complied with the provisions of the statute requiring a certificate of the organization of the company to be filed in the recorder's office of the county in which its principal office was located. One defendant was not served and did not appear. The suit was dismissed as to another defendant when it was shown that he did not become a stockholder till after the transactions here in question. Defendants pleaded the general issue and a denial of joint liability and also certain supposed defenses growing out of the subsequent bankruptcy of the H. A. Otis Manufacturing Company. These defenses are not now argued and are therefore waived. One person who subscribed for stock was not made a defendant but his nonjoinder was not pleaded. The jury rejected some items of the account without any apparent reason therefor and gave a verdict for plaintiff for $110.30, the price of two barrels of varnish. Plaintiff had judgment. Two of the defendants prosecute this appeal.

The application for a license to open books of subscription to the capital stock of the H. A. Otis Manufacturing Company was acknowledged on September 28, 1906, and filed in the office of the Secretary of State on October 17, 1906; a meeting of the subscribers was

held on November 5, 1906; the certificate of complete organization was issued on November 15, 1906; and said certificate was filed for record in the recorder's office of Kendall county, the location of the principal office of the company, on November 25, 1907, more than one year later. Before the certificate of organization was even issued, the defendants were doing business under the corporate name. The transaction here in question occurred on November 10 to 12, 1906, before the certificate of complete organization was even issued. The appellants therefore were transacting business under that corporate name before the organization of the corporation was completed, and they were therefore liable as partners for what was done in the name of the corporation, under the rules announced in Loverin v. McLaughlin, 161 Ill. 417, and Richardson Fueling Co. v. Seymour, 235 Ill. 319.

The chief contention of the appellant here is that the evidence is insufficient to show the sale and delivery of two barrels of varnish. The shipping clerk of appellee testified that he shipped the goods. Appellee introduced in evidence a shipping receipt issued by the Chicago, Burlington & Quincy Railway Company at Chicago, dated November 10, 1906, acknowledging the receipt from appellee of two barrels of varnish consigned to "H. A. Otis Mfg. Co., Plano, Ill." The agent of the railway company at Plano testified that these two barrels of varnish were received by him at Plano station on November 12; that some one at the factory of the H. A. Otis Manufacturing Company called up by telephone and was in great haste for the varnish, and that within an hour after the arrival of the goods at the station he delivered them to a drayman who hauled goods between the depot and the various factories. He testified that he had in his office a written order from the H. A. Otis Manufacturing Company to deliver goods to this drayman, but he did not have the written order present in court and, on motion of appellants, that answer was excluded. Appellee also

put in evidence the account books kept by the H. A. Otis Manufacturing Company at that time. It was proved that Safeblade, a stockholder and an officer of the company, was the manager of the business at that time, and that the entries in these books were made by him or under his direction. In these books under date of November 10, 1906, was a credit to appellee for amount of invoice, $110.30. The record books of said corporation were put in evidence showing that a short time afterwards at a meeting attended by the appellants, a motion was unanimously adopted ratifying all that Safeblade had done as manager of the business. The question is whether this proof makes a case for plaintiff.

The delivery of goods to a common carrier consigned to another is a constructive delivery to the consignee. The carrier then becomes the bailee of the consignee and the consignee becomes the owner of the goods. L. S. & M. S. Ry. Co. v. National Live Stock Bank, 178 Ill. 506; City of Carthage v. Duvall, 202 Ill. 234. Entries in books of a corporation are competent evidence against the stockholders. Culver v. Third National Bank, 64 Ill. 528; Dows v. Naper, 91 Ill. 44.

The declaration averred that the appellants, though often requested, had not paid appellee. Appellee did not prove nonpayment. It is essential that plaintiff prove the material allegations of some one count of his declaration. Where demand and nonpayment are material parts of plaintiff's case they must be averred and proved. It may well be that, if the contract be to pay so many days after demand, it must be alleged and proved that demand was made and that the stipulated time passed without performance by defendants. But in the ordinary case of a suit to recover for merchandise sold and delivered it is not necessary to aver or prove that defendant was requested to pay and did not do so. 1 Chitty Pl. 329, 330; Walker v. Welch, 13 Ill. 674. As a general rule the burden of proving payment is upon the party claiming the benefit of it. Bon-

nell v. Wilder, 67 Ill. 327; Hanke v. Cobiskey, 57 Ill. App. 267; Schwarze v. Greenbaum, 58 Ill. App. 221; Price v. German Exchange Bank, 60 Ill. App. 418; Harlev v. Harlev, 67 Ill. App. 138; Steingrebe v. F. M. & G. B. Co., 83 Ill. App. 587. But, further, appellee called as a witness one of its salesmen, whose duty it was to look after the collections growing out of certain sales, including the collection of this account, and offered to prove by him that there was a total amount due on this account of $115.98 and that he knew it was unpaid. The appellants moved to strike out the offer and that motion was sustained. Having thus kept out what was apparently competent testimony, appellants are hardly in a position to say that the record is faulty in failing to contain affirmative proof of nonpayment. We conclude that the proof above indicated, including that furnished by the books of the H. A. Otis Manufacturing Company, makes a *prima facie* case for appellee.

Complaint is made of certain instructions, but upon examining them we do not find that they contain reversible error.

The judgment is therefore affirmed.

*Affirmed.*